THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. CRAWFORD STEVENS and Another, Relators, *v.* FRANK CLARK and Others, Constituting the Board of Appeals of the City of White Plains, Respondents.

Supreme Court, Westchester County, December 14, 1925.

Municipal corporations — zoning ordinance — certiorari to review decision of board of appeals of city of White Plains overruling building inspector's denial of application for building permit — ordinance limited ground area, height and number of families in apartment houses — application for permit for erection of apartment house covering greater area and housing more families than zoning ordinance permitted, properly denied — board of appeals without authority to reverse determination of building inspector.

A zoning ordinance of the city of White Plains, the validity of which is conceded, regulating the kind and character of apartment houses which may be erected in a particular zone in said city and limiting the ground plan of each apartment building to thirty-five per cent of the area of the lot, the height to thirty-five feet and forbidding the housing of more than fifty-three families therein, does not permit the erection of a building which would exceed by two and nine-tenths per cent the area limitation of the ordinance, extend ten feet higher than the height allowed by said ordinance, and accommodate ninety-two families.

Accordingly, the building inspector of said city properly refused the application for a permit for the erection of said apartment house and it was error for the board of appeals to reverse his determination.

CERTIORARI to review decision of the board of appeals of the city of White Plains overruling building inspector's denial of building permit.

*Clinton T. Taylor*, for the relator.

*Walter F. Wood*, for the respondents.

TOMPKINS, J. There is no question about the validity of the zoning ordinance of the city of White Plains, and under this ordinance an apartment house may be built where the Waukauf Corporation has planned to erect the one in question; but the ordinance regulates the kind and character of apartment houses that may be erected in that section of the city, and declares that an apartment house may not exceed thirty-five per cent of the area of the lot, and it may not exceed thirty-five feet in height, and it shall not contain more than fifty-three families per acre.

The apartment house proposed to be erected by the Waukauf Corporation, and for which a building permit was sought and denied by the building inspector, would exceed by two and nine-tenths per cent the area limitation of the ordinance, and would be about ten feet higher and would accommodate ninety-two families, instead of fifty-three, as provided by the zoning ordinance, so that the proposed apartment house would violate the zoning ordinance in these three respects, namely, the area allowed to be built upon, the height of the building, and the number of families per acre. I think the building inspector was right in refusing the application of said corporation for a permit to construct such an apartment house, and that the board of appeals was without authority to reverse his action and grant the building permit.

If the board of appeals had such authority, then it could entirely nullify the zoning ordinance, and grant a permit for an apartment building for 200 families per acre, or any other number in excess of 53, as limited by the ordinance; and in my opinion the other two objections to the proposed building are substantial, and are material deviations from the operations of the zoning ordinance, and it does not satisfactorily appear that there are practical difficulties or unnecessary hardships that justify the action of the board of appeals in sustaining the appeal of said corporation. The only difficulties to be encountered or hardships to be suffered by the said Waukauf Corporation, if any, will be the results of its own deliberate attempt to build an apartment house in a restricted neighborhood, in violation of the zoning ordinance of that section.

The decision of the said board of appeals will be reversed and set aside, with costs.