In the Matter of the Application of ABERDEEN GARAGE, INC., Respondent, against HARRIS H. MURDOCK, Chairman, BERNARD A. SAVAGE and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants.

First Department, October 27, 1939.

*Paxton Blair* of counsel [*William C. Chanler, Corporation Counsel,* attorney], for the appellants.

*Arthur Miller,* for the respondent.

GLENNON, J. The board of standards and appeals denied an application under the Amended Building Zone Resolution to permit, in a business use district, the extension of an existing public garage by the construction of a new ramp, the erection and maintenance of a gasoline service station, analytical service, greasing station, motor vehicle shop for minor repairs and brake service station on premises 2181-2191 Jerome avenue, from Clinton place to West One Hundred and Eighty-second street in the borough of the Bronx.

The property immediately affected is located at the southwest corner of One Hundred and Eighty-second street and Jerome avenue. It has a frontage of fifty feet upon the avenue and a depth of one hundred feet on West One Hundred and Eighty-second street. The petitioner's garage covers the balance of the block on the west side of Jerome avenue as far south as Clinton place.

The petitioner made an application at Special Term, Bronx county, to review the determination of the board of standards and appeals. An order was entered at Special Term, without an opinion, annulling the determination and decision of the board and granting the relief to the petitioner which it sought.

It appears that petitioner's garage was erected pursuant to a permit from the board of standards and appeals in 1930. The corner plot immediately to the north thereof was purchased by the petitioner in August, 1937. About six months thereafter the petitioner sought a variation based upon the grounds set forth in section 21 of the Amended Building Zone Resolution. Upon the hearing before the board, certain of the neighboring property owners appeared and objected to the granting of the application. They contended, in short, that, if the petitioner were to succeed, the value of their apartment house properties would be diminished, the fire hazards would be increased, and that gas fumes, noise and additional traffic over the sidewalk at the station would be detrimental to the health and safety of their tenants.

We are of the opinion that the conclusion which the board reached was correct. It would not require any great stretch of the imagina-

tion to say that the petitioner purchased the property with the thought in mind of making the present application. Consequently, it cannot well be contended that the restriction imposed by the resolution caused petitioner such a peculiar hardship that entitles it to the special privilege it seeks. The point is well summed up in *Young Women's Hebrew Assn.* v. *Board of Standards and Appeals* (266 N. Y. 270), wherein Judge LOUGHRAN said: "A variation under section 21 must do 'substantial justice.' To that end, the section, so far as is practically possible, must affect alike all persons in the same situation. Equality of privileges is a basic principle of government. To cure by exemption in his case the loss resulting to one owner from general deterioration of a neighborhood is to depreciate the adjacent properties of other owners, and is unjust also to those whose properties remain subject to the same restriction in other localities likewise impaired. Moreover, such a theory of variation would in the long run defeat the general purpose of a zoning law. We are in accord with the reasoning of the Supreme Judicial Court of Massachusetts in *Prusick* v. *Board of Appeal* (262 Mass. 451), where RUGG, Ch. J., said for the court (p. 457): ' It is manifest from the general purpose underlying any zoning act   *   *   *   that the power to vary the application of the act is to be exercised sparingly. Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute. The dominant design of any zoning act is to promote the general welfare.   *   *   *   The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public.' "

The order of Special Term should be reversed, with twenty dollars costs and disbursements, and the determination of the board of standards and appeals confirmed.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; UNTERMYER, J., concurs in result.

Order unanimously reversed, with twenty dollars costs and disbursements, and determination of the board of standards and appeals confirmed.