■ MINISTERS, ELDERS AND DEACONS OF THE REFORMED PROTESTANT DUTCH CHURCH OF GREENVILLE, Appellant, v. IRWIN SCHULTZ et al., Constituting the ZONING BOARD OF APPEALS OF THE TOWN OF GREENBURGH, et al., Respondents.— In this proceeding pursuant to article 78 of the CPLR to annul respondent Zoning Board's determination, made on April 16, 1970, granting to respondent Weber Development Corporation certain variances of the Zoning Ordinance of the Town of Greenburgh, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated October 26, 1970, which dismissed the proceeding. Judgment reversed, on the law, without costs, and matter remitted to respondent Zoning Board of Appeals of the Town of Greenburgh for a new hearing to consider such evidence as may be presented as to whether respondent Weber Development Corporation profitably can develop the subject property with variances not as extensive as those which were granted to it. On July 1, 1958, petitioner sold the subject plot of land to Weber's predecessor in interest, West End Funeral Chapel, Inc. In the deed conveying the property, petitioner reserved to itself a permanent access-easement upon an existing 10-foot-wide road, running from the southeasterly side of Central Park Avenue to the cemetery property continguous to the property then sold. Petitioner has continued to own and operate this cemetery at all times since it made that conveyance. On September 30, 1968 Weber sold about 25,000 square feet of the property which petitioner had sold as above stated, retaining the balance of the plot. Both on July 1, 1958, when petitioner sold the land, and on September 30, 1968, when Weber sold about 25,000 square feet of it, and at all times since these dates, there have been zoning restrictions applicable to the development of this property by construction thereon. The zoning ordinance required, among other restrictions therein set forth, as to any office building, a minimum rear yard of 50 feet and a minimum side yard of 20 feet. (Zoning Ordinance of the Town of Greenburgh, §§ 65–33, 65–35). In October, 1969 Weber, in connection with its plan to construct an office and mercantile complex on its remaining plot, applied to the respondent Zoning Board for a number of variances. Among the variances sought was a reduction in the rear-yard requirement in that part of its property contiguous to petitioner's property, from 50 feet to 2 feet, and a reduction of the side-yard requirement from 20 feet to 4 feet. On April 16, 1970, the respondent Zoning Board granted all the variances sought by Weber. In our opinion, Weber failed to establish by any competent evidence that the variances thus allowed were the minimum variances necessary

to accomplish the purpose of reasonably developing its property (Zoning Ordinance of the Town of Greenburgh, § 65–11, subd. B; see, also, *Van Deusen* v. *Jackson*, 35 A D 2d 58, 60, affd. 28 N Y 2d 608; *People ex rel. Stevens* v. *Clark*, 126 Misc. 549). Moreover, it is our view that the respondent Zoning Board exceeded its authority and improperly granted the variances because (1) no substantial evidence was adduced before it establishing that Weber could not reasonably use and develop its property in conformity with the existing ordinance (cf. *Van Deusen* v. *Jackson*, 35 A D 2d 58, 62, affd. 28 N Y 2d 608, *supra*; *People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280; *Matter of Murphy* v. *Kraemer*, 16 Misc 2d 374; *Matter of Markovich* v. *Feriola*, 41 Misc 2d 1051); and (2) the erection of buildings on Weber's property with an undersized two-foot rear yard between the building and petitioner's property would be seriously detrimental to petitioner's use of its contiguous property, as pointed out at the hearing before the respondent Zoning Board (cf. *Matter of Aberdeen Garage* v. *Murdock*, 257 App. Div. 645, affd. 283 N. Y. 650). However, at the hearing petitioner's attorney informed the Zoning Board that petitioner did not insist that Weber conform to the 50-foot rear-yard requirement. He suggested that the board consider a 25-foot rear-yard variance. The possibility of such variance or other lesser variances as a reasonable disposition of the matter was not considered at the hearing. In view thereof and the other circumstances of this case hereinbefore discussed, we are remitting this matter to the respondent Zoning Board for a new hearing at which the parties may explore, through evidence which might be presented, the possibility of a reasonably profitable development by Weber of the subject property in conformity with less extreme variances from the open space requirements of the Town of Greenburgh's Zoning Ordinance. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.