Cortland A. Johnson, J.
This is an article 78 proceeding to review the denial of an application for a variance made by the owner of a plot 25 feet by 100 feet on the northwest corner of Prospect Ave. and Kinkle Street, Westbury.
The variance sought was elimination of side yard requirements, insufficient off-street parking, and elimination of required landscape area.
The application was denied on three grounds: 1. because the claimed hardship was self-imposed (there is an admission in the record that petitioner is in the process of acquiring title); 2. there is a lack of adequate parking; and 3. on the general ground that it is contrary to the health, safety and general welfare of the community.
As to the first of these grounds petitioner takes the position that since the self-imposed hardship rule is inapplicable to an area variance (Siegel v. Lassiter, 6 A D 2d 879 [2d Dept.]), the first assigned ground for a denial is invalid. However, it is by no means clear that petitioner’s application involves only an “ area variance ”. The narrowness with which this term is construed is illustrated in Matter of Village of Bronxville v. Francis (1 A D 2d 236 [2d Dept.]), where an excess floor area in a bank building on an undersized plot, was held not to present a case of “ area variance”. Certainly adequate parking *375 involves the use of property in the sense that waiving it is a ‘ use variance ’ although the other two waivers sought probably could qualify as “ area variances ”.
Petitioner is on sounder ground in his alternative position as to the true meaning of the self-imposed hardship rule. I agree that it does not mean that a person who acquires a parcel of land which already is so situated and zoned that it would qualify for a variance, is thereby disabled from obtaining one, solely because of the transfer of title, although the former owner might have had one. In such case, it seems clear to me that since it is not the act of the purchaser which brings the hardship into being, it is incorrect to charge him with having created it. It would be a strange doctrine that permits the perpetuation of a wrong because it comes to affect new people. In Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86), the leading case on this question, there was no showing that the property would not produce a reasonable return if used for residential purposes and consequently it cannot be said that the case holds that Barnes lost a right which his predecessor in title had, because of the purchase. The hardship which he was charged with creating was buying property for a funeral home in a zone where funeral homes were not permitted. This, of course, was a special situation created by Barnes. The case cited in the Clark opinion (p. 89), Matter of Henry Steers, Inc. v. Rembaugh (259 App. Div. 908, affd. 284 N. Y. 621) illustrates better what is meant by self-imposed hardship. There, the court held that the operator of a nonconforming sand pit in a residential zone was himself the creator of any unique situation which could be said to exist, and he was entitled to no relief from that.
The difficulty with the present case is that there is no record on which to base a variance and the burden is on the petitioner to make a record to support his case (Matter of Otto v. Steinhilber, 282 N. Y. 71).
The whole record, aside from some unsupported statements in petitioner’s brief, is a brief summary of an address made by counsel at the hearing before the Zoning Board of Appeals, nothing else.
Therefore, the application must be denied without prejudice to a further application to the Board of Zoning Appeals for a rehearing of the present application or the making of such new application to the said board as petitioner may be advised.
Settle order on notice.