Frank A. Gulotta, J.
This is an action to declare the Zoning Ordinance of the Town of Oyster B.ay unconstitutional and confiscatory insofar as it affects premises owned by plaintiff.
In anticipation that he might be able to procure a change of zone, plaintiff, a real estate broker, on November 30, 1955, purchased a single-family dwelling known as No. 20 Roxbury Lane, on the northwest corner of Roxbury Lane and Merrick Road, in Massapequa. It was then and is now in a “ Residential D ’ ’ zone. His subsequent attempts to have the property changed to a “ Business ” zone have resulted in failure.
He attacks the Zoning Ordinance on the basis that his property should be zoned “ Business ” because the property across the street, on the south side of Merrick Road, is so zoned and that the town fathers were shortsighted in not zoning the north side for “ Business ”.
The photographs submitted on this trial clearly picture this entire area on the north side of Merrick Road beginning one block west of plaintiff’s premises and continuing for some miles to the east and extending north to Sunrise Highway as' a community of well-kept, nicely landscaped single-family dwellings with 25-foot setbacks. The homes to the west and east of plaintiff, which he claims to be nonconforming uses, are of the same type.
Whatever plaintiff’s personal opinion may be, the evidence discloses that this zoning was adopted by the Town Board in 1953, after a great deal of study and planning and in conformity with a comprehensive plan, and continued the same way after a study in 1959. The area has been developed in accordance therewith.
Zoning is a legislative function and it may not be lightly interfered with by the court because there is a difference in *646 opinion, even by a person professionally qualified to give an opinion in this sphere, as to how it should be exercised.
The plaintiff who is not a lawyer tried his own case and while it is apparent that he put a good deal of work into its preparation, a large part of it was misdirected. For instance, one of the mainstays of his case was showing two isolated instances of alleged spot zoning, a market 1,000 feet to the east of him on Merrick Road and a theatre a mile to the north of him on Sunrise Highway. Even if we assume for the purpose of argument that these changes were not justified by the circumstances, and are not compatible with the over-all zoning plan (and it has by no means been shown that that is the fact), that might be a basis for invalidating these uses, but it would not furnish a basis for adding plaintiff’s property to a list of existing' errors.
Plaintiff proved as part of his case that his property could be more profitably used if it were zoned for business, whereas the test of constitutionality is quite the opposite, and he is required to show that there is no possibility for profitable use under the restrictions of the ordinance, or alternatively that the greater part of the value of the property is destroyed by it, although there may be some slight use remaining. (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493.)
In other words, the ordinance must prohibit every use for which the property is reasonably adapted, not just some of those uses. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222.) There would be little left of zoning if, in order to invalidate it, all a property owner had to show was that he could make more money out of it without zoning.
It may also be mentioned, although the plaintiff did not progress to a point in his proof where it becomes a factor, that the burden of proof in a case like this is not the usual ‘ ‘ preponderance of evidence ” test customary in civil actions, but the “beyond a reasonable doubt ” test, borrowed from the criminal law. (Wiggins v. Town of Somers, 4 N Y 2d 215.)
There is one more point to be discussed and that is the fact that plaintiff’s hardship in not being able to use the property for the purpose for which he purchased it (a real estate- office), is a hardship created by himself. This is not a case of an existing hardship being passed on from one owner to another, which is often mistakenly called self-imposed. (Matter of Murphy v. Kraemer, 16 Misc 2d 374.) This is a case where the very act of the plaintiff brought about the hardship complained of, and is on all fours with Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86) where the purchaser of residential property for *647 use as a funeral home (a prohibited use) was held to be disabled from claiming hardship, where he was fully able to use it for the purpose for which it was zoned. The complaint is dismissed on the merits, without costs.