383 So.2d 1127 (1980)
CITY OF CORAL GABLES, a Municipal Corporation, Appellant,
v.
Steve R. GEARY, Appellee.
No. 79-2393.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Rehearing Denied June 19, 1980.
Robert D. Zahner, Coral Gables, for appellant.
*1128 Starr W. Horton, Miami, for appellee.
Before SCHWARTZ, NESBITT and PEARSON, DANIEL, JJ.
SCHWARTZ, Judge.
Coral Gables appeals from a final judgment requiring it to grant the plaintiff-appellee four variances from building restrictions imposed by the city's zoning code. The variances, which deal with set-back requirements and building and wall height limitations, were ordered because, as appeared without contradiction below, the unusual triangular shape of the plaintiff's property rendered it simply and practicably impossible for it to be developed in accordance with the existing regulations.
It is, of course, well-recognized that the irregular shape or other peculiar physical characteristic of a particular parcel constitutes a classic "hardship"  unique to an individual owner  which justifies, and in some cases requires the granting of a variance. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941); see Leveille v. Zoning Board of Appeals, 145 Conn. 468, 144 A.2d 45 (1958); Downey v. Grimshaw, 410 Ill. 21, 101 N.E.2d 275 (1951); City of Baltimore v. Sapero, 230 Md. 291, 186 A.2d 884 (1962); 3 Anderson, American Law of Zoning § 18.34 (2nd ed. 1977). The appellant does not really take issue with this rule or with its clear application to the case at bar.
The city does contend, however, relying primarily upon Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA 1959), cert. denied, 116 So.2d 773 (Fla. 1959), that the alleged hardship was "self-created," thus precluding relief, because the plaintiff purchased the property in its present configuration with knowledge of the already-imposed building restrictions. See Allstate Mortgage Corp. of Fla. v. City of Miami Beach, 308 So.2d 629 (Fla. 3d DCA 1975), cert. denied, 317 So.2d 763 (Fla. 1975); Crossroads Lounge, Inc. v. City of Miami, 195 So.2d 232 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 459 (Fla. 1967); Friedland v. City of Hollywood, 130 So.2d 306 (Fla. 2nd DCA 1961). We do not agree with this position. Unlike the situation in each of the cited decisions, the hardship involved here arose from circumstances peculiar to the realty alone, unrelated to the conduct or to the self-originated expectations of any of its owners or buyers. See the discussion of the cases on this issue from other jurisdictions in 3 Rathkopf, Law of Zoning and Planning, § 39.02 (4th ed. 1979).[1] In this case, therefore, as the court observed in Murphy v. Kraemer, 16 Misc.2d 374, 182 N.Y.S.2d 205, 206 (Sup.Ct. 1958), "since it is not the act of the purchaser which brings the hardship into being, it is incorrect to charge him with having created it." It is undisputed that the appellee's predecessor in title, who held the property when the restrictions were initially imposed, would then have been entitled to the variances in question. Compare Duval Productions, Inc. v. City of Tampa, 307 So.2d 493 (Fla. 2d DCA 1975), cert. denied, 317 So.2d 78 (Fla. 1975) (predecessor compensated for "hardship" created by condemnation). The "selfimposed" hardship doctrine thus does not apply. We endorse the principle stated in Harrington Glen, Inc. v. Municipal Board of Adjustment, 52 N.J. 22, 243 A.2d 233, 237 (1968):
As we indicated in Wilson v. Borough of Mountainside, 42 N.J. 426, 452-453, 201 A.2d 540 (1964), when neither the owner *1129 of the lot at the time of adoption of the zoning ordinance ... nor a subsequent owner, did anything to create the condition ... for which the variance is sought, a right to relief possessed by the original owner passes to the successor in title. Such right is not lost simply because the succeeding owner bought or contracted to buy with knowledge of the ... restriction. See 2 Rathkopf, Law of Zoning & Planning, c. 48, p. 48-20 (3d ed. 1966). [e.s.]
Accord, Landmark Universal, Inc. v. Pitkin County Board of Adjustment, 40 Colo. App. 444, 579 P.2d 1184, 1185 (1978) ("If a prior owner would have been entitled to a variance at the time the zoning ordinance was passed, that right is not lost to a purchaser simply because he bought with knowledge of the zoning regulation involved."); School Committee v. Zoning Board of Review, 86 R.I. 131, 133 A.2d 734, 737 (1957) ("The zoning law deals with the use of land. The time when the land was acquired is not pertinent in determining its proper use."); Denton v. Zoning Board of Review, 86 R.I. 219, 133 A.2d 718, 720 (1957) ("The question of whether an applicant is entitled to a variance because of hardship flowing from a literal application of the terms of the ordinance is in no way dependent upon his knowledge or lack of knowledge of the existence of zoning restrictions affecting the land.").
Affirmed.
NOTES
[1] Rathkopf's summary of these decisions at § 39.02[3] aptly characterizes the Florida cases as well:

Despite the fact that some courts have used language which, taken upon its face, would indicate that even where a unique hardship existed with respect to land which would have warranted the person owning that property prior to the enactment of the ordinance to apply for and receive a variance, the mere act of purchase with knowledge of the ordinance may alone bar the purchaser from the same relief, it is apparent that few higher court decisions have actually so decided. In each case in which the refusal of a variance was upheld and in which such language was used, the facts showed either that there was an affirmative act which created the hardship peculiar to the property involved or that there was insufficient evidence as to at least one of the elements required for the grant of a variance.