## ARVIDA v. DADE COUNTY, etc.
Case No. 82-223 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
July 19, 1983

Anthony J. O'Donnell, Jr., Greenberg, Traurig, Askew et al. for appellant.

Robert Ginsberg, County Attorney and Eileen B. Mehta, Assistant County Attorney, for appellees.

Douglas D. Batchelor and Samuel A. Brodnax, Jr., for 1000 Brickell Limited, intervenor.

NEWMAN and TENDRICH, J.J. concur.

SALMON, J. dissents.

I dissent.

---

The entire action below seems to be based upon the assumption that the "irregular" shape of the land involved in this case permits otherwise appropriate zoning rules to be disregarded. The "irregularity" claimed is that the property, perhaps, is NOT shaped like others, square or oblong, which may very well be true. But that, in itself, is meaningless, unless the irregularity "rendered it simply and practically impossible for it to be developed in accordance with the existing regulations." That, in my view, is the essence of the holding in *City of Coral Gables v. Geary*, 383 So.2d 1127 (Fla. 3d DCA 1979), and has no application to this case. The County Commission erred in that it considered the subject parcel separate and apart from the rest of the land of which it is an integral part. Such a treatment is form over substance, or whatever other aphorism one might choose to apply. One cannot view this particular parcel as a separate parcel, or one containing 40.87 acres for the purpose of meeting the tests and thresholds set forth in the Code of Metropolitan Dade County for zoning and plot plan requirements.

I would reverse to permit Dade County to reconsider the matter in accordance with the real nature of the property.