559 So.2d 1237 (1990)
METROPOLITAN DADE COUNTY, Petitioner,
v.
Michael A. BETANCOURT, Respondent.
No. 89-2748.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Rehearing Denied May 18, 1990.
*1238 Robert A. Ginsburg, County Atty. and Craig H. Coller, Asst. County Atty., for petitioner.
Walters, Costanzo, Russell & Zyne and David A. Russell, Miami, for respondent.
Before FERGUSON, COPE and GODERICH, JJ.
PER CURIAM.
Metropolitan Dade County petitions for a writ of certiorari to review a final order of the circuit court, sitting in its appellate capacity. We grant certiorari, quash the circuit court order, and reinstate the decision of the County Commission.
Respondent Michael Betancourt owns property in unincorporated Dade County on which he operates a retail plant nursery. The zoning in the area is EU-1 (One Acre Estates). That zoning does not permit the operation of a retail nursery. As a result of a notice of violation, Betancourt applied for a use variance to permit him to continue to operate his business. The County Commission conducted a public hearing at which conflicting evidence was received on the application. The thrust of the opposition was that a retail plant nursery was inconsistent with the character of the area, except for two existing nurseries grandfathered in when the current zoning was adopted in 1955. The County Commission voted to deny the use variance.
Betancourt sought review before the appellate division of the circuit court. The appellate division reversed, on a divided vote, and directed the County to grant the use variance, or alternatively, a special exception. Dade County petitioned for certiorari and we have determined that relief should be granted.
The Metropolitan Dade County Code authorizes the granting of
use variances from the terms of the zoning regulations as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provisions thereof will result in unnecessary hardship, and so the spirit of the regulations shall be observed and substantial justice done; provided, that the use variance will be in harmony with the general purpose and intent of the regulation, and that the same is the minimum use variance that will permit the reasonable use of the premises.
§ 33-311(e)(1), Code of Metropolitan Dade County, Florida (emphasis added).
The term "unnecessary hardship" is a term of art in this context. As our court has stated:
The authorities seem uniform on the proposition that the difficulties or hardships relied on must be unique to the parcel involved in the application for the variance. They must be peculiar to that particular property, and not general in character, since difficulties or hardships shared with others in the area go to the reasonableness of the zoning generally, and will not support a variance. If the hardship is one which is common to the *1239 area the remedy is to seek a change of the zoning for the neighborhood rather than to seek a change through a variance for an individual owner. Thus some exceptional and undue hardship to the individual land owner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of such a variance... .
A variance should not be granted where the use to be authorized thereby will alter the essential character of the locality, or interfere with the zoning plan for the area and with rights of owners of other property; and a variance which permits a use not authorized by an existing zoning classification fixed under a planned zoning of the area or neighborhood, generally is not justified unless the land can not yield a reasonable return when used only for purposes authorized in its present zoning... .
... .
... One who purchases property while it is in a certain known zoning classification, ordinarily will not be heard to claim as a hardship a factor or factors which existed at the time he acquired the property... . A self-imposed or self-acquired hardship (such as by purchasing property under existing zoning and then applying for a variance) is not the kind of hardship for which variance should be granted... .
Elwyn v. City of Miami, 113 So.2d 849, 851-52 (Fla. 3d DCA) (citations omitted), cert. denied, 116 So.2d 773 (Fla. 1959).
It should also be noted that "reasonable return" as used in the context of the Elwyn case does not mean, in the context of a residential area, that an economic return must be produced; instead, the inquiry is whether there are uses which are beneficial to the owner and consistent with the residential zoning. See 3 R. Anderson, American Law of Zoning 3d § 20.18, at 418 (1986) ("Where land is zoned for residential use, deprivation of all beneficial use is proved only when it is established by competent evidence that the land cannot be used for any of the purposes permitted in such district. It is not sufficient for an applicant to show that he cannot achieve a reasonable return from a particular type of development.").
In the present case there was substantial evidence before the County Commission regarding the nature of the neighborhood. The evidence was in conflict regarding the length of time Betancourt had operated his nursery, and whether the operation had been continuous or interrupted. There was also conflicting evidence regarding the extent of other plant related businesses in the area. The objectors contended that the only other commercial plant nurseries in the vicinity were two nurseries grandfathered in when the existing zoning was established in 1955, and that the only other plant related activity in the area was the operation of groves adjacent to the residential homes, without commercial facilities or signage, and casual sales of produce as an adjunct.
When the matter proceeded to the circuit court in its review capacity, the applicable standard of review was that outlined in Nance v. Town of Indialantic, 419 So.2d 1041 (Fla. 1982): "`The proper standard of review in a zoning variance case is whether the lower tribunal had before it competent substantial evidence to support its finding....'" (emphasis in original; citation omitted) (approving Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981)).
On the present record there was competent substantial evidence to support the County Commission's denial of the variance, on the basis that the proposed commercial use was inconsistent with the EU-1 zoning in effect for the neighborhood as a whole. There was no evidence that denial of the use variance would deprive the owner of all beneficial use of the property. Residential use, as well as grove use without retail sales, are permissible under the existing zoning, and practical for the site in question. The circuit court therefore erred in reversing the decision of the County Commission as to the use variance.
The court below rendered an alternative ruling that the County should grant *1240 a special exception. The court erred in so doing. First, a special exception is defined as a use permitted by the zoning code, but only after approval at a public hearing. § 33-311(d), Code of Metropolitan Dade County, Florida. It is undisputed that the zoning code does not permit this use as a special exception, and therefore a special exception is impermissible in this case. Second, Betancourt had not applied for a special exception.
We therefore find that we are in agreement with the position taken by Judge Robinson's dissent below. We grant certiorari, quash the order under review, and reinstate the decision of the County Commission.