# LAWRENCE v TOWN OF PALM BEACH

## Case No. AP 90-4076 AY

Fifteenth Judicial Circuit, Palm Beach County

April 12, 1991

### APPEARANCES OF COUNSEL

**Francis X. J. Lynch, Esquire,** and **John M. Jorgensen,** Scott, Royce, Harris, Bryan & Hyland, P.A., for petitioners.

**John C. Randolph, Esquire,** Jones, Foster, Johnston & Stubbs, P.A., for respondent.

Before RODGERS, RAPP, OFTEDAL, JJ.

### OPINION OF THE COURT

PER CURIAM.

Petition for writ of certiorari granted. Petitioners seek review of the Town Council's decision denying their request for a zoning variance

from the frontage requirements of the Town of Palm Beach's (the "Town") zoning requirements.

In 1962 Valerio and Theresa Zerbo purchased two adjacent 50 foot lots (lots 56 and 57) creating one 100 foot lot on which they built a house. In 1964 Theresa Zerbo purchased lot 55 and the south 33⅓ feet of lot 54. A patio and bath house were built on this additional property. At the time of the 1962 and 1964 purchases the Town Code required a minimum buildable frontage of 75 feet for property in this area. The Code was amended several years ago and 100 feet of frontage is the minimum now required.

In 1989 Theresa Zerbo sold lot 55 and the 33⅓ feet of lot 54 to the Lawrence's, her daughter and son-in-law. In 1990 the Lawrence's submitted a variance application to the Town asking that they be allowed to build a home on the subject property. Their application was denied.

The authority to vary the application of zoning regulations is limited to cases of "unnecessary hardship". A prerequisite to the granting of a hardship zoning variance is the presence of an exceptional and unique hardship to the individual landowner, unique to that parcel and not shared by other property owners in the area. *Nance v Indialantic,* 419 So.2d 1042 (Fla. 1982). An irregular shape or other peculiar physical characteristic of a particular parcel constitutes a classic "hardship" unique to an individual owner, which justifies, and in some cases requires the granting of a variance. *City of Coral Gables v Geary,* 383 So.2d 1127, 1128 (Fla. 3d DCA 1980).

The hardship, however, must be such that it renders it virtually impossible to use the land for the purpose for which it is zoned. *Town of Indialantic v Nance,* 485 So.2d 1318, 1320 (Fla. 5th DCA 1986), *review denied,* 494 So.2d 1152 (Fla. 1986). If the application of a zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property it becomes the duty of the zoning board to relax its restrictions so as to prevent confiscation of a complainant's land without compensation. *Metropolitan Dade County v Betancourt,* 559 So.2d 1237 (Fla. 3d DCA 1990). Accord, *Thompson v Planning Commission of the City of Jacksonville,* 464 SO.2d 1231, 1237 (Fla. 1st DCA 1985).

The Town argues the Lawrences failed to prove the existence of special conditions and circumstances peculiar to the land involved. The subject property is 16⅔ feet short of the frontage requirement. This circumstance is unique to that parcel of land. The Lawrences did know the minimum buildable frontage requirement when they purchased the

**65**

property. Nevertheless, relief is not precluded just because an owner buys or contracts to buy with knowledge of zoning restrictions. *See City of Coral Gables v Geary,* 383 So.2d 1127, 1128 (Fla. 3d DCA 1980).

Section 5.11 of the Town Code provides that single family structures may be construed on any nonconforming lot as long as the lot complies with all other requirements of the ordinance. The Lawrence's application states the design of their home will conform to all other zoning regulations. The Town has not refuted that contention. In addition, zoning requirements specify a minimum of 10,000 square feet and the subject lot has 10,416 square feet.

Respondent further argues the property has been used in conjunction with lots 56 and 57 and the Lawrences can continue the same use. Perhaps, but a patio and bath house does not meet their need for a residence. Accordingly, the Town's denial of the Lawrence's variance application renders it virtually impossible for them to use the land for the purpose for which it is zoned (residential), and deprives them of all beneficial use of their property.

The proper standard of review in a zoning variance case is whether the lower tribunal had before it competent substantial evidence to support its finding. *Nance v Town of Indialantic,* 419 So.2d 1041 (Fla. 1982); *DeGroot v Sheffield,* 95 So.2d 912 (Fla. 1957).

Special conditions exist which are peculiar to the land and which are not applicable to other lands; the special conditions and circumstances do not result from the actions of the applicant; granting the variance will not confer any special privilege denied to other lands in the same zoning district; the variance requested is the minimum needed to make possible the reasonable use of the land; a literal interpretation of the ordinance will work an unnecessary hardship on the Lawrences; yet granting of the variance would be in harmony with the general intent and purpose of the ordinance, not be injurious to the area involved nor detrimental to the public welfare.

Accordingly, we find the Town's decision was not supported by competent substantial evidence. The petition for certiorari is granted and the decision of the Town Council is quashed.

RODGERS, RAPP and OFTEDAL, JJ., concur.