PER CURIAM.
Petitioners seek review of the circuit court’s decision, acting in its appellate capacity, affirming the City of Hollywood’s approval of a “special exception” use, which permitted Congo River Golf Development Company to place a miniature golf course on property located in a BE-31 (business) zoning district. Our review is limited to determining whether the circuit court afforded procedural due process and applied correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983).
We agree with petitioners that the circuit court applied incorrect law, as it overlooked the principle that a special exception is not a permitted use unless the zoning ordinance under which an applicant is proceeding expressly permits and lists such use as a special exception. See Metropolitan Dade County v. Betancourt, 559 So.2d 1237 (Fla. 3d DCA 1990); Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478, 480 (Fla. 4th DCA 1975); Mayflower Property Inc. v. City of Ft. Lauderdale, 137 So.2d 849, 852 (Fla. 2d DCA 1962).
The City Commission did approve an amendment to the applicable zoning ordinance in this case to permit outdoor commercial amusement facilities as a special exception, but this approval did not occur until after the City had purported to approve the special exception requested by Congo River. Respondents contend that, even if we find the circuit court failed to apply the correct law, we should nevertheless deny the writ as moot because the City Commission has approved the amendment to the applicable ordinance authorizing the use in question as a special exception; thus, they argue a new application will undoubtedly be granted. In all probability permission will likely be granted. However, the amended ordinance requires the Board of Appeals and Adjustment to make certain specific findings in connection with any approval of an outdoor commercial amusement facility as a special exception in a BE-31 district, and the Board’s October 29, 1990, resolution failed to make such specific findings. Accordingly, we reject respondents’ contention that this matter is moot.
Based on the foregoing, we grant the petition for writ of certiorari and quash the circuit court’s April 22, 1991, decision.
DOWNEY, HERSEY and WARNER, JJ., concur.