600 So.2d 561 (1992)
Luis HERRERA, et al., Petitioners,
v.
CITY OF MIAMI, a Florida municipal corporation; and Juan M. Delgado, as General Partner of Vizcatran, Ltd., a Florida limited partnership, Respondents.
No. 91-2878.
District Court of Appeal of Florida, Third District.
June 23, 1992.
*562 John G. Fletcher, South Miami, for petitioners.
Ferrell, Cardenas, Fertel & Morales and Alberto R. Cardenas and A. Vicky Leiva and Alicia Morales, Miami, for Juan M. Delgado.
A. Quinn Jones, III, City Atty., and Warren Bittner, Asst. City Atty., for City of Miami.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.

CORRECTED OPINION
FERGUSON, Judge.
In land-use law, a variance seeker must demonstrate an exceptional and unique hardship to the individual landowner not shared by other property owners in the area. Nance v. Town of Indialantic, 419 So.2d 1041 (Fla. 1982). A variance which permits a use not authorized by existing zoning restrictions for a neighborhood is not justified unless no reasonable use can be made of the land without the variance. Bernard v. Town Council of Palm Beach, 569 So.2d 853 (Fla. 4th DCA 1990). See also Metropolitan Dade County v. Betancourt, 559 So.2d 1237, 1239 (Fla. 3d DCA 1990) ("Where land is zoned for residential use, deprivation of all beneficial use is proved only when it is established by competent evidence that the land cannot be used for any of the purposes permitted in such district"); Town of Indialantic v. Nance, 485 So.2d 1318, 1320 (Fla. 5th DCA) ("the hardship must be such that it renders it virtually impossible to use the land for the purpose for which it is zoned"), rev. denied, 494 So.2d 1152 (Fla. 1986); Thompson v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985) (hardship may not be found unless there is a showing that under present zoning no reasonable use can be made of property).
The petitioners own single-family residential properties across the street from the site which the respondent seeks to develop. They made a showing that construction of the proposed multi-unit complex with inadequate parking facilities would burden their property and the road between the parties' properties with overflow parking from the respondent's property, thereby creating unsightly clutter and congestion.
The planning staff for the City of Miami recommended a denial of the developer's request for a variance for the reason that no legal hardship existed. The Zoning Board agreed and denied the variance. On a 3-2 vote the City Commission rejected the planning recommendation and reversed the Zoning Board's denial of the variance. The circuit court, appellate division, affirmed, holding that there was competent and substantial evidence to support the City Commission's finding that "[i]f the building is built and the parking variance granted, the traffic problem in the area would not be aggravated nor the neighborhood changed."
Nowhere in the circuit court's eight-page opinion is there the critical finding that, without the variance, it is virtually impossible *563 to use the land as it is presently zoned.[1] Neither is there a finding that any alleged hardship was not created by the applicant.
There are three interrelated reasons why the variance to substantially reduce parking-space requirements should not have been granted: (1) the petitioner for the variance is the developer; the landowner made no claim or demonstration of hardship; (2) the only argument of hardship was that the specific 100-unit federally-sponsored project for the elderly might not qualify for financing absent the variance; and (3) there was no showing whatever that the project could not be reduced in size to satisfy zoning conditions or that the land could not yield a reasonable return if used as authorized by present zoning restrictions for another project.
As neighboring property owners, the appellants had a right to rely on existing zoning conditions and they had a right to a continuation of those conditions in the absence of a showing that a variance was necessary. Friedland v. City of Hollywood, 130 So.2d 306 (Fla. 2d DCA 1961). On review of an administrative grant of a zoning variance, the standard is not whether variances have been granted to similarly-situated applicants in the community, or whether the grant of the variance would have a deleterious impact on the surrounding area.
Neither is it sufficient, for the purpose of placing this case beyond review by certiorari, that the circuit court incanted principles of law generally governing cases of this type. We must next determine whether that law has been correctly applied to the facts as they appear in the record. See Bernard v. Town Council of Palm Beach, 569 So.2d 853 (Fla. 4th DCA 1990) (held, on certiorari review, that circuit court was required to determine whether landowner presented competent substantial evidence that no reasonable use can be made of property absent the variance). Where, as here, factual findings made by the circuit court do not satisfy the legal requirements for a variance, the application must be denied. Thompson v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985).
Certiorari granted; the order granting a variance is quashed.
SCHWARTZ, C.J., concurs.
HUBBART, Judge, dissenting.
By today's decision, this court concludes that the circuit court below stated the correct principles of law in reviewing the zoning decision of the City of Miami, but misapplied those principles so as to reach an incorrect result, thereby departing from essential requirements of law, because there is insufficient evidence in the record to support the parking variance ordinance which the circuit court sustained; based on this legal predicate, the court grants the instant petition for a writ of certiorari and quashes the circuit court decision. Because I think this court has misconceived the scope of its certiorari review of the circuit court's decision, I must respectfully dissent.
The Florida Supreme Court in Educational Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), states the scope of our review in cases of this nature:
"In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), the Court clearly set forth the standards governing certiorari review. When the circuit court reviews the decision of an administrative agency under Florida Rule of Appellate Procedure 9.030(c)(3), there are three discrete components of its certiorari review.
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of *564 the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.

Vaillant, 419 So.2d at 626. In so doing, the circuit court is not permitted to re-weigh the evidence nor to substitute its judgment for that of the agency. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
In turn, the standard of review to guide the district court when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) is necessarily narrower. The standard for the district court has only two discrete components.

The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.

Vaillant, 419 So.2d at 626. In Vaillant, the Court adopted the rationale of the Fourth District Court of Appeal and quoted approvingly from its decision:
`[C]ommon sense dictates that no one enjoys three full repetitive reviews to,
1. a[n] [administrative] board
2. a circuit court
3. a district court of appeal... .'

Id. (quoting City of Deerfield Beach v. Vaillant, 399 So.2d 1045, 1047 (Fla. 4th DCA 1981))."
541 So.2d at 108 (emphasis added).
The circuit court meticulously adhered to the scope of its review of the City of Miami's zoning decision. The circuit court expressly considered whether procedural due process had been accorded to the parties by the City of Miami zoning proceedings, whether essential requirements of law had been observed in such proceedings, and whether the parking variance ordinance was supported by substantial, competent evidence. In so doing, the circuit court wrote an extensive 8 1/2 page opinion concluding that procedural due process had been accorded the parties, that essential requirements of law had been observed, and that substantial, competent evidence had been adduced supporting the parking variance ordinance. Upon certiorari review of this decision, we are required to determine whether the circuit court afforded procedural due process to the parties and applied the correct law. Clearly, the circuit court did both in its decision below; without dispute, procedural due process requirements were observed, and the circuit court, without question, applied the correct principles of law. It therefore follows that the petition for a writ of certiorari must be summarily denied. Educational Dev. Center.
This court, however, reaches a different result by impermissibly broadening the scope of our review. The court grants the instant petition for writ of certiorari and quashes the decision below upon a holding that the circuit court misapplied otherwise correct principles of law and reached an incorrect result by sustaining the parking variance ordinance, thereby departing from essential requirements of law, because there is insufficient evidence in the record to sustain such a result. This holding, however, misconceives the scope of our review. Our function is to determine whether the circuit court applied the correct law, not whether the circuit court applied the correct law to reach the correct result based on otherwise sufficient evidence in the record. If the latter was the scope of our review, the petitioner would, in effect, be entitled to a second full review in this court of the City of Miami zoning decision herein  which is decidedly not the case. "We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court." City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). Indeed, the Fifth District Court of Appeal has stated in St. Johns County v. Owings, 554 So.2d 535 (Fla. 5th DCA 1989), rev. denied, 564 So.2d 488 (Fla. 1990):
"As recently emphasized by the Florida Supreme Court in Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), a district court *565 of appeal plays a very limited role in reviewing a circuit court's action in a zoning dispute such as this. Only the circuit court can review whether the judgment of the zoning authority is supported by competent substantial evidence. The district court of appeal merely determines whether the circuit court afforded due process and applied the correct law. See also City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). As the court in Education Development Center noted, a district court of appeal may not quash a circuit court's decision because it disagrees with the circuit court's evaluation of the evidence."

554 So.2d at 537 (emphasis added). Stripped to its essentials, this court by today's decision simply disagrees with the circuit court over whether there is substantial, competent evidence in the record to support the parking variance ordinance. Without question, we have no authority to quash the circuit court's decision on that basis. Accordingly, I dissent.
NOTES
[1] Section 1901, City of Miami Zoning Ordinance provides:

A variance is relaxation of the terms of the ordinance where such action will not be contrary to the public interest and where, owing to conditions peculiar to the property and not the result of actions of the applicant, a literal enforcement of this ordinance would result in unnecessary and undue hardship on the property.