619 So.2d 455 (1993)
Joan MATURO, et al., Petitioners,
v.
CITY OF CORAL GABLES, et al., Respondents.
No. 91-2485.
District Court of Appeal of Florida, Third District.
June 8, 1993.
John G. Fletcher, South Miami, for petitioners.
Fine Jacobson Schwartz Nash Block & England and Stanley B. Price and Eileen Ball Mehta, Miami, Robert D. Zahner, City Atty., for respondents.
Before BASKIN, LEVY and GERSTEN, JJ.
LEVY, Judge.
By petition for Writ of Certiorari, the petitioners ask that we vacate an order entered by the Circuit Court, sitting in its appellate capacity, which affirmed a decision of the Coral Gables City Commission granting certain zoning variances to a land developer. We grant the petition, and quash the Circuit Court's decision.
The petitioners are neighbors of the subject property which consists of seven lots owned by respondent Minorca Corporation, a land developer. Five of the seven lots are located in Coral Gables and are zoned for multiple family use of up to 40 residential dwelling units per acre. The remaining two lots are located within unincorporated Dade County and directly abut the five lots located in Coral Gables. The two lots in Dade County are zoned for single family residential, low density use.
After unsuccessfully seeking variances for the use of the Dade County lots, Minorca *456 then sought variances from the City of Coral Gables in order to build a building eight stories in height,[1] claiming as a hardship, its purported inability to use the two lots in unincorporated Dade County. In order to persuade the City to grant the variances, Minorca offered the City a unity of title agreement,[2] whereby Minorca agreed not to develop the two lots located in unincorporated Dade County, provided that the variances were granted for the multifamily lots located in Coral Gables.
The City granted Minorca the requested variances, and the petitioners appealed to the Circuit Court, which affirmed the City's granting of the variances, concluding that there was a legal hardship because, as a result of the unity of title agreement, "only five of the seven lots owned by [Minorca] could be used for development." The neighbors of the subject property then petitioned for Writ of Certiorari to this Court.
Section 2-127 of the Coral Gables Zoning Code provides that variances shall be permitted "on individual parcels of property as a method of alleviating unnecessary hardship ... by allowing a reasonable use of the building, structure or property which, because of unusual or unique circumstances, is denied by the terms of the `Zoning Code.'" Section 2-125 of the zoning code defines unnecessary hardship as: "Arduous restrictions upon the uses of a particular property which are unique and distinct from that of adjoining property owners in the same zoning district." Florida courts have held that a legal hardship will be found to exist only in those cases where the property is virtually unusable or incapable of yielding a reasonable return when used pursuant to the applicable zoning regulations. Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA), review denied, 613 So.2d 2 (Fla. 1992); Bernard v. Town Council of Town of Palm Beach, 569 So.2d 853 (Fla. 4th DCA 1990); Town of Indialantic v. Nance, 485 So.2d 1318 (Fla. 5th DCA), review denied, 494 So.2d 1152 (Fla. 1986); Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA), cert. denied, 116 So.2d 773 (Fla. 1959). Thus, in City of Coral Gables v. Geary, 383 So.2d 1127 (Fla. 3d DCA 1980), this Court upheld the granting of certain variances based upon the finding that the unusual triangular shape of the property constituted a hardship, because it was virtually impossible to develop the property in accordance with existing regulations. We further explained in Geary that the hardship must arise from "circumstances peculiar to the realty alone, unrelated to the conduct or to the self-originated expectations of any of its owners or buyers." Coral Gables v. Geary, 383 So.2d at 1128.
Applying these principles to the present case, it is obvious that here, unlike in the Geary case, the shape of the property in no way constitutes a legal hardship. The subject property consists of seven regularly shaped, ordinary lots, which are not rendered unusable by the existing zoning regulations. Moreover, the existence of the unity of title agreement restricting development on the two county lots is insufficient to support a finding of hardship, because it was a voluntary agreement entered into by Minorca. We have consistently held such self-imposed acts to be insufficient to constitute a legal hardship sufficient to warrant the granting of a variance. See City of Coral Gables v. Geary, 383 So.2d at 1128; Burger King Corporation v. Metropolitan Dade County, 349 So.2d 210 (Fla. 3d DCA 1977), dismissed, 355 So.2d 512 (Fla. 1978); City of Miami Beach v. Greater Miami Hebrew Academy, 108 So.2d 50 (Fla. 3d DCA 1958), cert. denied, 113 So.2d 229 (Fla. 1959); Green v. City of Miami, 107 So.2d 390 (Fla. 3d DCA 1958), cert. denied, 114 So.2d 617 (Fla. 1959). See also Burns v. SPA Automotive, LTD., 156 *457 Ariz. 503, 753 P.2d 193 (Ariz. Ct. App. 1988) (voluntary agreement held insufficient to support granting of variance). Because there is no legal hardship present which supports the granting of the variances, the Circuit Court decision affirming the zoning variances must be reversed.
In reaching this conclusion, we feel compelled to point out that, as a threshold consideration, we have not overlooked that body of case law which speaks to the limited role that a District Court of Appeal must play in reviewing a Circuit Court's decision in zoning disputes. See Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982); Orange County v. Lust, 602 So.2d 568 (Fla. 5th DCA 1992); St. Johns County v. Owings, 554 So.2d 535 (Fla. 5th DCA 1989), review denied, 564 So.2d 488 (Fla. 1990). We recognize that our review is limited to a determination of whether the Circuit Court afforded due process and applied the correct law, and are cognizant that "a district court of appeal may not quash a circuit court's decision because it disagrees with the circuit court's evaluation of the evidence." St. Johns County v. Owings, 554 So.2d at 537.
In quashing the Circuit Court's opinion, we are not disagreeing with its evaluation of the evidence. Rather, as part of our duty to see that the correct law is applied, we are merely declaring that the Circuit Court incorrectly applied the law to the facts of this case. Such a review is entirely consistent with the above cited authorities, and with common sense. See Herrera v. City of Miami, 600 So.2d at 561. It is our responsibility, as part of the judicial review process, to insure that the Circuit Court has properly applied the law in order to maintain the integrity of the legal system and legal processes. We cannot, and should not, turn a blind eye to an incorrect application of the law. To allow a decision to stand where the correct law was wrongly utilized, simply because that particular law itself was applicable, does not provide a valid or just reason sufficient to support a legal decision. As stated by the Second District Court of Appeal in Utica Mutual Insurance Company v. Clonts, 248 So.2d 511, 512 (Fla. 2d DCA 1971) (emphasis omitted):
[Judicial discretion] is not a naked right to choose between alternatives. There must be a sound and logically valid reason for the choice made. If a trial court's exercise of discretion is upheld whichever choice is made merely because it is not shown to be wrong, and there is no valid reason to support the choice made, then the choice made may just as well have been decided by the toss of a coin. In such case there would be no certainty in the law and no guidance to bench or bar. Such an appellate decision would be a "cop out"... .
See also Parce v. Byrd, 533 So.2d 812, 814 (Fla. 5th DCA 1988), review denied, 542 So.2d 988 (Fla. 1989); State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974).
Accordingly, we quash the Circuit Court's decision, which misapplied the law in erroneously affirming the granting of the variances by the City, and remand to the Circuit Court with directions to reverse the City's resolution.
Certiorari granted; order approving the variances quashed.
BASKIN, J., concurs.
GERSTEN, Judge, concurring.
I concur. This case is a stunning example of the vagaries and vicissitudes of law.
This case is based substantially on Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA), review denied, 613 So.2d 2 (Fla. 1992). In Herrera, Judge Hubbart dissented based on fealty to the law. The Herrera dissent focused on the Supreme Court cases of Educational Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), and City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). In Education Development Center and Vaillant, the Supreme Court, in most certain terms, outlined an intermediate appellate court's *458 scope of review. Judge Hubbart's feeling that the Herrera majority exceeded the scope of review, followed Supreme Court precedent in Education Development Center and Vaillant.
The Supreme Court denied review in Herrera. Once the Supreme Court denied review, it appears as though Herrera became the law of the land. Therefore, because Herrera is apparently the law of the land, I concur.
NOTES
[1] Without the variances, a building is limited to six stories.
[2] Section 2-124 of the Coral Gables Zoning Code describes a unity of title agreement as a document executed between a property owner and the City of Coral Gables, "whereby the property owner for a specified consideration by the City agrees that the lots and/or parcels of land constituting the building site shall not be conveyed, mortgaged, and/or leased separate and apart from each other and that they shall be held together as one tract."