721 So.2d 1212 (1998)
The CITY OF JACKSONVILLE, and The City Council of the City of Jacksonville, Petitioners,
v.
Clarence Joseph TAYLOR, Sr. and Deborah M. Taylor, Respondents.
No. 97-3910.
District Court of Appeal of Florida, First District.
December 17, 1998.
Sharon R. Parks, Assistant General Counsel, Office of General Counsel, Jacksonville, for Petitioners.
Steven Diebenow of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for Respondents.
VAN NORTWICK, J.
The City of Jacksonville petitions for a writ of certiorari to review an order of the circuit court which granted the petition for a writ of certiorari of respondents, Clarence Taylor, Sr., and Deborah M. Taylor, and overturned a City Council resolution denying a zoning variance. For the reasons that follow, we grant the petition.
Mr. Taylor inherited two contiguous, five acre parcels of land in a rural area of Duval County which he and his wife wished to sell. Each of these parcels lacked frontage on a public or an approved private road, but were instead accessible by way of an easement that had been previously granted. Without frontage on a private or approved public road, the parcels are not in conformity with local zoning regulations. The Taylors sought, and received from the City Planning Commission, a zoning variance which permitted zero road frontage on both parcels. In granting the variance, the Planning Commission *1213 acted contrary to the recommendation of the City's Planning and Development Department.
A local resident sought an appeal of the final order of the Planning Commission with the City Council, which referred the matter to its Land Use and Zoning Committee. After a public hearing, the Land Use and Zoning Committee of the City Council voted to overturn the variance. A resolution memorializing the vote was later entered by the City Council. By this resolution, the City Council adopted the findings and conclusions of the Land Use and Zoning Committee, which in turn had adopted the findings and conclusions of Planning and Development Department as stated in its report.[1]
The Taylors thereafter petitioned for a writ of certiorari in the circuit court. Certiorari was granted on the finding that there was no competent, substantial evidence to support the Council's findings. The circuit court discussed at length the law regarding the grant of a zoning variance and the facts of the instant case as established in the record. The circuit court ruled that the Council misapplied the governing criteria and that the Taylors had demonstrated an entitlement to a variance. The Council's resolution was thereby quashed.
The City of Jacksonville now seeks certiorari relief arguing that the circuit court departed from the essential requirements of law when it applied the incorrect law, by shifting the burden of proof to the City and by considering evidentiary matters not controlling and when the circuit court reweighed the evidence presented to the Planning Commission and the City Council. As we recently explained in City of Jacksonville Beach v. Marisol Land Dev. Inc., 706 So.2d 354 (Fla. 1st DCA 1998):
The standard of review in certiorari proceedings in a district court of appeal "when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) ... has only two discreet components." Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989)(emphasis omitted). "The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983).
In Heggs, the supreme court reiterated the distinction it drew in Combs v. State, 436 So.2d 93 (Fla.1983), between the certiorari standard of review and the standard used in reviewing legal error on appeal. As the supreme court explained in Combs,
[T]he phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of the procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.... The district courts should use this discretion cautiously so as to avert the possibility of common law certiorari being used as a vehicle to obtain a second appeal.
Combs, 436 So.2d at 95-96 (emphasis added), quoted in Heggs, 658 So.2d at 528. The supreme court added in Heggs that a "reviewing court is drawing new lines and setting judicial policy as it individually determines those errors sufficiently egregious or fundamental to merit the extra review and *1214 safeguard provided by certiorari." Heggs, 658 So.2d at 530.
The phrase "miscarriage of justice" as it applies in a zoning case has not been expressly defined. In Bird-Kendall Homeowners Assoc. v. Metropolitan Dade County Bd. of County Comm'rs, 695 So.2d 908 (Fla. 3d DCA 1997), rev. denied, Garcia v. Bird-Kendall Homeowners Assn., 701 So.2d 867 (Fla.1997), the Third District indicated that a "fundamental departure from the controlling law" constituted a miscarriage of justice. While the court did not define "fundamental departure," it found that the rezoning for business use of a .23 acre track located in an area zoned for agricultural use was a fundamental departure from the controlling law proscribing spot zoning. In fact, the Bird-Kendall court found the rezoning, which allowed the property owner to operate a feed store, so distasteful that the term "spot zoning" was deemed inadequate. Instead, Judge Schwartz, writing for the court, suggested that the terms "melanoma zoning" or "melazoning" would be more appropriate. Id. at fn. 1; see also Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995); City of Dania v. Florida Power & Light, 718 So.2d 813 (Fla. 4th DCA 1998)(the reviewing court's failure to grant certiorari relief "where a single circuit court judge sitting in his appellate capacity disregarded substantial competent evidence relied on by a governmental entity in making a zoning decision ... could, in itself, constitute a miscarriage of justice."). Further, in City of Jacksonville v. Marisol, 706 So.2d at 356, we granted certiorari relief because the circuit court failed to apply the correct law. Although the Marisol panel did not discuss whether a miscarriage of justice occurred as a result of the misapplication of law, the necessary, if implicit, holding in Marisol is that the failure to apply the correct law there, by itself, constituted a miscarriage of justice.
In the instant case, the lower court similarly failed to apply the correct law. In its order granting a writ of certiorari, the lower court stated that the Taylors'
property has unique and peculiar circumstances which create an unnecessary and undue hardship because surrounding properties have already received identical zoning variances and without obtaining a variance allowing development on the property, it is completely worthless to the [Taylors].
The fact that certain other property owners have received a variance is not a consideration under the City of Jacksonville ordinance code, the law applicable here. A variance is to be granted, pursuant to section 656.132 of the ordinance code, "only if" it is shown by a preponderance of evidence (i) that the property has unique and peculiar circumstances which create an unnecessary and undue hardship; (ii) that a variance is the minimum necessary to alleviate that hardship; (iii) that the need for a variance is not the result of the actions of the property owner; (iv) that a variance would not create a detriment to adjacent and nearby properties or the public in general; (v) that the variance will not substantially diminish property values or alter the general character of the area, and (vi) that the effect of the variance is in harmony with the intent of the relevant area of the Zoning Code. Obviously, the lower court's statement of the law is not consistent with the local zoning ordinance.
In addition, the lower court misread the case law which it cited as authority for the principle that the grant of a variance to a neighbor is a relevant factor for consideration. In fact, one of the cases cited below, Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA 1992), rev. denied, City of Miami v. Herrera, 613 So.2d 2 (Fla.1992), supports reversal in the instant case. The Herrera court correctly explained that "[o]n review of an administrative grant of a zoning variance, the standard is not whether variances have been granted to similarly-situated applicants in the community...." Id. at 563. The remaining authority cited by the lower court likewise does not support its consideration of the asserted grant of variances to neighboring property owners. Compare Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA 1959)(abutting home owners were entitled to challenge the validity of a variance, and in order to be entitled to a variance for *1215 hardship, it is essential that there is some exceptional and unique hardship to the individual landowner which is not shared by the other property owners in the area), and Board of Adjustment of City of Ft. Lauderdale v. Kremer, 139 So.2d 448 (Fla. 2d DCA 1962)(a variance is improper when it is sought for economic advantage and when the hardship alleged is not peculiar to the property in question).
In considering whether the legal error here constitutes a miscarriage of justice as required by Heggs and Combs, we find that the error in the instant case is substantially similar to the legal errors deemed a "miscarriage of justice" in Marisol and Bird-Kendall. Although we acknowledge that the holdings of Marisol and Bird-Kendall do not establish a sharp line for determining when a legal error, which could not be deemed harmless, results in a miscarriage of justice, under those cases we are constrained to grant certiorari relief here.
Accordingly, we grant the petition for the writ of certiorari, quash the order of the circuit court, and reinstate the resolution of the City Council.
PADOVANO, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] While the Planning Commission is responsible for reviewing and holding a public hearing with respect to each application for a variance from the zoning code and issues orders granting or denying the variance, pursuant to section 656.132, City of Jacksonville Zoning Code, a de novo review of a decision of the Planning Commission is to be conducted by the City Council upon proper application. See § 656.142, Code of the City of Jacksonville.