830 So.2d 842 (2002)
The CITY OF MIAMI BEACH, a Florida municipal corporation, Petitioner,
v.
CHISHOLM PROPERTIES SOUTH BEACH, INC., Beach Hotel Associates Limited Partnership, the Decoplage Condominium Association, Inc., Juan Jover, and RPH Hotel Associates, LLC, Respondents.
RPH Hotel Associates, LLC, a Delaware Limited Liability Company, successor by merger to Ritz Plaza Hotel Corporation, a Florida Corporation, Petitioner,
v.
Chisholm Properties South Beach, Inc., Beach Hotel Associates Limited Partnership, the Decoplage Condominium Association, Inc., Juan Jover, Ian Shrager Hotel Management, LLC, the City of Miami Beach, the City of Miami Beach Zoning Board of Adjustment, Respondents.
Nos. 3D01-3294, 3D01-3298.
District Court of Appeal of Florida, Third District.
July 1, 2002.
Specially Concurring Opinion on Denial of Rehearing November 27, 2002.
Murray H. Dubbin, City Attorney and Robert Dixon, Deputy City Attorney and *843 Debora J. Turner, First Assistant City Attorney and Gary M. Held, First Assistant City Attorney, for The City of Miami Beach.
Siemon & Larsen and Charles L. Siemon and Todd G. Messenger (Boca Raton); Tew Cardenas Rebak Kellogg Lehman Demaria Tague Raymond & Levine and Santiago D. Echemendia and Bob de la Fuente and Patricia M. Baloyra, Miami, for RPH Hotel Associates, LLC.
Richard & Richard and Dennis Richard and Richard Sarafan, Miami, for Chisholm Properties South Beach, Inc. and Beach Hotel Associates Limited Partnership.
Shubin and Bass and Jeffrey S. Bass, Miami, for Decoplage Condominium Association and Juan Jover.
Before COPE, LEVY, JJ., and NESBITT, Senior Judge.
Specially Concurring Opinion on Denial of Rehearing En banc November 27, 2002.
After oral argument, the Petition for Writ of Certiorari is hereby denied.
COPE and LEVY, JJ. and NESBITT, Senior Judge, concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is denied.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, SHEVIN, and RAMIREZ, JJ.[*]

ON MOTION FOR REHEARING EN BANC
The motion for rehearing en banc is denied.
JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, SHEVIN and RAMIREZ, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
On July 1, 2002, a panel of this court unanimously and without opinion denied a petition for writ of certiorari seeking second-tier review of a decision of the Appellate Division of the Eleventh Judicial Circuit. City of Miami Beach v. Chisholm Properties South Beach, Inc., 830 So.2d 842 (Fla. 3d DCA 2002). In that case, Chisholm Properties South Beach, Inc. v. City of Miami Beach, 8 Fla. L. Weekly Supp. 689 (Fla. 11th Cir.Ct. August 9, 2001), the circuit court, in a comprehensive and insightful opinion by Judge Altonaga, rejected an attempt by a hotel owner and the City of Miami Beach to grant totally unjustified and illegal height variances through the device of a sweetheart "settlement" of a spurious action by the hotel owner against the City under the Bert J. Harris, Jr. Private Property Rights Protection Act, § 70.001, et seq., Fla. Stat. (1999). I of course totally agree with this opinion and thus with the panel's determination to deny review. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001); Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
Beyond that, however, I think that this case is so rife with suspicion that the proceedings in this court, especially the presumptuous motion for rehearing en banc now before us, are, in turn, so clearly indeed, at bestfrivolous that sanctions should be imposed against the petitioners under section 57.105, Florida Statutes (2002) and Florida Rule of Appellate Procedure 9.410.
NOTES
[*] FLETCHER, J., recused.