929 So.2d 693 (2006)
David AUERBACH, Petitioner,
v.
CITY OF MIAMI, Florida, a political subdivision of the State of Florida, and O2, LLC, a Florida Limited Liability Corporation, Respondents.
No. 3D05-1376.
District Court of Appeal of Florida, Third District.
May 24, 2006.
David Auerbach, in proper person.
Greenberg Traurig and Elliot H. Scherker and Adrienne F. Pardo and Daniel M. Samson, Miami; Jorge L. Fernandez, City Attorney, and Rafael E. Suarez-Rivas, Assistant City Attorney, for respondents.
Before WELLS and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
An aggrieved neighbor seeks second-tier certiorari review of a circuit court appellate division per curiam affirmance of the action of the City of Miami Commission granting a major use special permit and a *694 zoning variance to a developer for the construction of a residential project. We deny the petition in part and grant it in part.
As in Hemisphere Equity Realty Co. v. Key Biscayne Property Taxpayers Ass'n, 369 So.2d 996 (Fla. 3d DCA 1979), we find no basis to interfere with the major use special permit granted by the Commission and approved by the circuit court, but conclude otherwise as to the variance. The latter holding is based upon the undisputed showing that the variance, which resulted in permission for the developer to build to the lot line contrary to otherwise applicable setback requirements, is totally unsupported by the legal "hardship" required by the governing City of Miami ordinance to justify that relief. See Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA 1992), review denied, 613 So.2d 2 (Fla.1992); Crossroads Lounge, Inc. v. City of Miami, 195 So.2d 232 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 459 (Fla.1967); City of Miami v. Franklin Leslie, Inc., 179 So.2d 622 (Fla. 3d DCA 1965); Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA 1959), cert. denied, 116 So.2d 773 (Fla.1959); Green v. City of Miami, 107 So.2d 390 (Fla. 3d DCA 1958), cert. denied, 114 So.2d 617 (Fla.1959). Not only was that point all but directly admitted at oral argument,[1] the fact that, as both respondents specifically acknowledge, the original plan of the project did not include the variance and that the development may now go forward without it[2] demonstrate conclusively that an indispensable requirement of a hardship variance, that no reasonable use could be made of the property without it, does not exist. See Maturo v. City of Coral Gables, 619 So.2d 455, 456 (Fla. 3d DCA 1993)("Florida courts have held that a legal hardship will be found to exist only in those cases where the property is virtually unusable or incapable of yielding a reasonable return when used pursuant to the applicable zoning regulations."); Herrera, 600 So.2d at 562; Bernard v. Town Council of Palm Beach, 569 So.2d 853 (Fla. 4th DCA 1990); see also Miami-Dade County v. Brennan, 802 So.2d 1154, 1155 n. 2 (Fla. 3d DCA 2001)(Fletcher, J., concurring).
As in numerous prior cases, therefore, including many, like this one, on "second-tier" review of a circuit court decision, quashal of the variance is required. See City of Jacksonville v. Taylor, 721 So.2d 1212 (Fla. 1st DCA 1998), review denied, 732 So.2d 328 (Fla.1999); Maqueira v. Montessori Children's Sch. of Key West, Inc., 622 So.2d 597 (Fla. 3d DCA 1993); Maturo, 619 So.2d at 455; Herrera, 600 So.2d at 561; Metro. Dade County v. Betancourt, 559 So.2d 1237 (Fla. 3d DCA 1990); Hemisphere Equity Realty Co., 369 So.2d at 996; cf. Chisholm Props. S. Beach, Inc. v. City of Miami Beach, 8 Fla. L. Weekly Supp. C689 (Fla. 11th Cir.Ct. App.Div. Aug. 9, 2001), cert. denied, 830 So.2d 842 (Fla. 3d DCA 2002)(Schwartz, C.J., specially concurring in denial of rehearing en banc). Failing to do so in this case would create both a direct conflict with these decisions, and an unjustified approval of the obvious failure of the circuit court to apply the correct law, see Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); Morningside Civic Ass'n, Inc. v. City of Miami Comm'n, 917 So.2d 293 (Fla. 3d *695 DCA 2005), and of the resulting "miscarriage of justice" which occurred below.[3]See Dep't of Highway Safety & Motor Vehicles v. Rosenthal, 908 So.2d 602, 607 (Fla. 2d DCA 2005). On the other hand, by invalidating the variance, we reaffirm this Court's solemn promise, which it has steadfastly honored, that
[t]he law ... will not and cannot approve a zoning regulation or any governmental action adversely affecting the rights of others which is based on no more than the fact that those who support it have the power to work their will.
Allapattah Cmty. Ass'n, Inc. of Fla. v. City of Miami, 379 So.2d 387, 394 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla.1980).
Certiorari granted in part, denied in part.
NOTES
[1] The best the resourceful attorney for the developer could do was to claim a "creative use, if you will, of the variance ordinance." Alas, creativity of this type is even less acceptable in the law than in accounting.
[2] Thus, both respondents contend that the resolution's severability clause is applicable to save the remainder of the project. We agree.
[3] The respondents seem to suggest that the simple, clear and direct violation of the law, which we find here without "weighing" or "evaluating" the non-existent evidence of a hardship, may be justified by claims (a) that the variance may render the project more aesthetically pleasing; or (b) more economically rewarding; or (c) that fixing the results of improperly granting the variance may be expensive or inconvenient, cf. Pinecrest Lakes, Inc. v. Shidel, 795 So.2d 191 (Fla. 4th DCA 2001)(ordering destruction of a completed building erected in violation of zoning law), review denied, 821 So.2d 300 (Fla.2002); (d) that the City of Miami authorities thought that the variance was generally a good idea, cf. Pinecrest Lakes, Inc., 795 So.2d at 198 (county's interpretation of own comprehensive plan entitled to no weight); or (e) that the violation was, in the broad scheme of things, too minor to warrant our attention. Cf. Kneale v. Jay Ben Inc., 527 So.2d 917, 918 n. 1 (Fla. 3d DCA 1988)(quashing circuit court per curiam affirmance of county court judgment which erred in denying plaintiff $100.14 in damages for breach of contract). Notwithstanding any or all of this, it is the unshirkable obligation of the courts, on whatever "tier" of consideration, "to say what the law is" and to effect that judgment. See Costarell v. Fla. Unemployment Appeals Comm'n, 916 So.2d 778, 782 n. 2 (Fla.2005). Contrary to the opinion of some (almost always respondents), the rules stated in such cases as Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003), Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla. 2000), and City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), do not render the courts of appeal legal potted palms powerless to review and correct manifest errors of law and policy. Cf. Kopel v. Kopel, 832 So.2d 108, 108 (Fla. 3d DCA 2002)(specially concurring opinion), review denied, 848 So.2d 1154 (Fla.2003).