706 So.2d 354 (1998)
The CITY OF JACKSONVILLE BEACH, Petitioner,
v.
MARISOL LAND DEVELOPMENT, INC., Respondent.
No. 97-227.
District Court of Appeal of Florida, First District.
January 27, 1998.
Rehearing Denied March 2, 1998.
*355 Stephen Stratford, Jacksonville, and William S. Graessle of Winegeart & Graessle, P.A., Jacksonville, for Petitioner.
W.O. Birchfield and Lynda R. Aycock, Jacksonville, for Respondent.
PER CURIAM.
When the Jacksonville Beach City Council voted seven to nothing to deny a request to rezone their lot, the lot owners, Marisol Land Development, Inc. (Marisol) and Lavenir Properties, Inc. (Lavenir), filed in circuit court. The circuit court set aside the City Council's decision not to rezone, and entered an order granting a writ of certiorari directed to the City of Jacksonville Beach (City). By its own petition for writ of certiorari filed here, invoking our jurisdiction under article V, section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(B), the City asks us to quash the writ of certiorari the circuit court directed to the City on the landowners' petition. We now grant the City's petition for writ of certiorari, reverse the circuit court's order, and quash its writ of certiorari.
The standard of review in certiorari proceedings in a district court of appeal "when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) ... has only two discrete components." Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989)(emphasis omitted). "The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983).
Although original in form, a certiorari proceeding in circuit court to review local governmental denial of a rezoning request is "appellate in character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction." Heggs, 658 So.2d at 525. See City Envt'l Servs. Landfill, Inc. of Florida v. Holmes County, 677 So.2d 1327 (Fla. 1st DCA 1996). Even when review entails "strict scrutiny," Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 475 (Fla.1993), the circuit court is not authorized to decide questions of zoning policy or comprehensive plan compliance de novo. Local government has primary jurisdiction over such questions.
Marisol and Lavenir applied to the City for rezoning of their lot (1.22 acres more or less) from its current "Commercial-Professional Office" (CPO) classification to "Planned Unit Development" (PUD), in order to construct an 11,200-square-foot drug store with a drive-up window. The proposal included tearing down two office buildings (with an aggregate area of 5,280 square feet) that now stand on the site. The City's planning staff reviewed the application, concluded that the proposed zoning change was inconsistent with three policies in the Jacksonville Beach Comprehensive Plan (Plan), and recommended against rezoning based on inconsistency with the Plan. After a hearing, the City Planning Commission also recommended denial of the rezoning request.
On August 19, 1996, the City Council held its own hearing. Twelve citizens spoke in opposition to the rezoning, and the Director of the City's Planning and Development staff *356 read into the record the "Comments" section of the staff's recommendation to deny the application. A citizen, two planners, a real estate appraiser, and a representative from a drug store chain spoke on behalf of Marisol and Lavenir. The developers' attorney read a letter from a neighbor supporting rezoning and placed what he called a "sanforized" version of the site plan into the record. At the conclusion of the hearing, the City Council unanimously voted to deny the application for rezoning "based upon the Planning Commission's recommendation that the rezoning is inconsistent with the future land use elements of the Jacksonville Beach 2010 Comprehensive Plan."
In proceedings on the developers' complaint and petition for certiorari, the circuit court revisited and decided de novo whether the proposed rezoning was consistent with certain comprehensive plan elements, made various findings de novo, and ruled:
Since the [requested] rezoning was denied based on the Council's erroneous determination that such zoning was inconsistent with the Plan, the Council departed from the essential requirements of law so as to deprive the Petitioner of its constitutional right to procedural due process.
The circuit court did not acknowledge the evidence before the City on which the City concluded that the developers did not show that the proposed rezoning would not be "inconsistent with the future land use elements of the Jacksonville Beach 2010 Comprehensive Plan."
In failing to apply the appropriate standard of review, and in making its own determination of consistency de novo, thereby unlawfully overriding the City Council's discretion, the circuit court did not apply "the correct law." Heggs, 658 So.2d at 530. Accordingly, the City's petition for writ of certiorari is granted, the order under review is reversed, and the circuit court's writ of certiorari is quashed.
BARFIELD, C.J., and KAHN and BENTON, JJ., concur.