728 So.2d 1210 (1999)
FRANKLIN COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
S.G.I. LIMITED, A Limited Florida Partnership, Respondent.
No. 98-1482.
District Court of Appeal of Florida, First District.
March 19, 1999.
Rehearing Denied April 15, 1999.
Jan J. Hevier of Apalachicola; Alfred O. Shuler, Shuler and Shuler, Apalachicola, for petitioner.
Russell D. Gautier of Williams, Bryant & Gautier, P.A., Tallahassee, for respondent.
Alfred O. Bragg, III and Stephanie Gehres Kruer for State of Florida, Department of Community Affairs, as amicus curiae.
*1211 WOLF, J.
Respondent, S.G.I. Limited (S.G.I.) made application to Franklin County for site plan approval for the construction of a golf course, a club house, and a driving range. Petitioner, Franklin County, denied the request as to the golf course. S.G.I. challenged the denial by petition for writ of certiorari in the circuit court. The circuit court granted the petition determining that any evidence of any prospect of damage to the water quality in Apalachicola Bay would be "irrelevant since no lawfully adopted ordinance gives [the county] the right or discretion to deny any application for site plan approval based on such evidence or concerns." Based on this assumption, the circuit court concluded, "Franklin County does not have discretion to deny the application for [S.G.I.'s] plan based upon general objectives and policies set forth in the Comprehensive Plan." We find that these determinations constituted a departure from the essential requirements of law as outlined in Haines City Community Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995). We, therefore, grant the petition and quash the decision of the circuit court.
Section 163.3194(1)(a), Florida Statutes, the Local Government Comprehensive Planning and Land Development Regulation Act requires,
After a comprehensive plan, or element or portion thereof, has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted.
Franklin County's comprehensive plan is a lawfully adopted ordinance. As such, the county is empowered by statute to disapprove an application for site approval if it finds that a proposed development is inconsistent with any of the objectives in the comprehensive plan. The circuit court's statement that the county commission could not deny S.G.I.'s site plan approval based on "general objectives and policies" in the comprehensive plan is in direct opposition to the language and requirements of the Comprehensive Planning Act, and is not supported by relevant law applying the act. See, e.g., City of Jacksonville Beach v. Marisol Land Dev., Inc., 706 So.2d 354 (Fla. 1st DCA 1998).
The comprehensive plan applicable to Franklin County contains objectives which mandate the county to "support the conservation and protection of ecological communities... to the extent that ... [the county] will prohibit development which can be proved to damage natural resources" and to "maintain the estuarine water quality surrounding coastal resources so that there shall be no loss of any approved shellfish harvesting classifications through the year 2000." These objectives are specific enough that they may be taken into consideration and utilized in reviewing applications for site plan approval.
There was also competent substantial evidence in the record that the proposed golf course development could harm the most productive oyster bed in Apalachicola Bay and was, therefore, inconsistent with the adopted comprehensive plan. Where there is competent substantial evidence to support the local government's determination that a proposed development is inconsistent with the comprehensive plan, that determination should be upheld. See id. We, therefore, direct the circuit court to deny S.G.I.'s petition for writ of certiorari.
MINER and PADOVANO, JJ., concur.