730 So.2d 792 (1999)
CITY OF JACKSONVILLE BEACH, Petitioner,
v.
COASTAL DEVELOPMENT OF NORTH FLORIDA, INC., a Florida corporation, and Meadows Incorporated, a Florida corporation Respondents.
No. 98-2811.
District Court of Appeal of Florida, First District.
March 30, 1999.
Rehearing Denied May 6, 1999.
William S. Graessle of Winegeart & Graessle, P.A., Jacksonville, and Stephen Stratford, Jacksonville, for Petitioner.
T. Geoffrey Heekin and S. Hunter Malin of Bartlett & Heekin, P.A., Jacksonville, for Respondents
WEBSTER, J.
Petitioner (the city) seeks certiorari review of the trial court's decision granting respondents' (the developers') petition for a writ of certiorari to review the city's denial of the developers' application for a "small-scale development amendment" to the city's comprehensive plan, quashing the city's decision, and ordering the city to grant the application. We conclude that, in reaching its decision, the trial court failed to apply the correct law because it treated the city's action as quasi-judicial, rather than legislative. Accordingly, we grant the petition for a writ of *793 certiorari, and reverse and remand for further proceedings.
The developers applied for a "small-scale development amendment" to the city's comprehensive plan, pursuant to section 163.3187(1)(c), Florida Statutes (Supp.1996), so that they might develop their property in a more intensive manner than was contemplated by the comprehensive plan. Acting on the recommendation of staff, the city's planning commission denied the request. The developers sought review before the city council, which, likewise, denied the request. The developers then sought relief in the trial court, filing a petition for a writ of certiorari or, in the alternative, an action for declaratory and injunctive relief. Following argument by the parties, the trial court entered an order in which it concluded, as a matter of law, that (1) when local government acts on a small-scale development amendment application, it is acting in a quasi-judicial, rather than a legislative, capacity; (2) because the city had acted in a quasi-judicial capacity when it denied the developers' application, certiorari was the appropriate method by which to review the propriety of that action; and (3) because the city had acted in a quasi-judicial capacity, its action was subject to strict scrutiny, and the appropriate standard of review was whether competent, substantial evidence supported the decision. Applying that law, the trial court found that the city's action was not supported by competent, substantial evidence. Accordingly, it granted the petition for a writ of certiorari, quashed the city's decision, and ordered the city to grant the application.
In its petition to this court seeking certiorari, the city argues that the trial court failed to apply the correct law because, when it denied the application, it was acting in a legislative, rather than a quasi-judicial, capacity. Therefore, its action was reviewable in the trial court only by an action seeking either declaratory or injunctive relief; and, following a de novo hearing, the trial court should have evaluated its decision pursuant to the highly deferential fairly debatable standard of review. The developers respond that the trial court's legal conclusions were correct, and that the city's petition should be denied.
Our standard of review is a limited one. We may consider only (1) whether the trial court afforded the parties procedural due process of law, and (2) whether the trial court applied the correct law. See, e.g., Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); City of Jacksonville Beach v. Marisol Land Dev., Inc., 706 So.2d 354, 355 (Fla. 1st DCA 1998). The city argues that the trial court failed to apply the correct law because it concluded that, when the city denied the application, it was acting in a quasi-judicial, rather than a legislative, capacity. We agree.
The city contends that this case is controlled by Martin County v. Yusem, 690 So.2d 1288 (Fla.1997). The Yusem decision includes the following language: "We ... hold that amendments to a comprehensive land use plan which was adopted pursuant to chapter 163, Florida Statutes, are legislative decisions subject to the `fairly debatable' standard of review" (id. at 1289); "we expressly conclude that amendments to comprehensive land use plans are legislative decisions. This conclusion is not affected by the fact that the amendments to comprehensive land use plans are being sought as part of a rezoning application in respect to only one piece of property" (id. at 1293); and "we hold that all comprehensive plan amendments are legislative decisions subject to the fairly debatable standard of review. We find that amendments to a comprehensive plan, like the adoption of the plan itself, result in the formulation of policy." Id. at 1295. Finally, the court said:
[O]ur decision today will further the proper administration of justice in Florida. Currently in Florida, there is much confusion surrounding the proper procedural vehicle for challenging a local government's decision concerning an amendment to a comprehensive plan.... By our holding that all amendments to comprehensive plans are legislative activities subject to the fairly debatable standard, parties will know to file such challenges as original actions in the circuit court.
*794 Id. These apparently unequivocal statements regarding the court's holding would seem to leave little room for argument on the part of the developers. However, they rely on the following footnote from the opinion:
We do note that in 1995, the legislature amended section 163.3187(1)(c), Florida Statutes, which provides special treatment for comprehensive plan amendments directly related to proposed small-scale development activities. Ch. 95-396, § 5, Laws of Fla. We do not make any findings concerning the appropriate standard of review for these small-scale development activities.
Id. at 1293 n. 6. Based upon this language, the developers argue that the supreme court was "impliedly recogniz[ing] that small-scale amendment decisions are more akin to rezonings/variances due to the limited procedural requirements in reviewing a small-scale amendment request versus the substantial procedural requirements in reviewing a large-scale amendment request" and that, accordingly, the former "should be treated differently." The different treatment which the developers argue should be accorded to decisions regarding applications for small-scale development amendments is that which the supreme court had previously held was applicable to rezoning applications having a limited impact on the publictreatment of the decision as quasi-judicial, and subject to strict scrutiny. Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993).
We acknowledge that footnote 6 of the Yusem opinion is somewhat curious, given the particularly strong, unequivocal language of the text of the opinion. However, we believe that it would be wrong to read too much into the footnote. We think that, by the language used in the footnote, the court intended to say only that, because it had not focused on the recent statutory amendment providing for small-scale development amendments, it was leaving to a future day the question of the appropriate standard of review for decisions regarding such amendment requests. That day has now arrived.
The question has recently been addressed by the Fifth District Court of Appeal. In Fleeman v. City of St. Augustine Beach, 24 Fla. L. Weekly D58, 728 So.2d 1178 (Fla. 5th DCA 1998), on motion for certification granted, 24 Fla. L. Weekly D575, 728 So.2d 1178 (Fla. 5th DCA 1998), the appellant argued that small-scale development amendments to comprehensive plans are more like small-parcel rezoning than the typical comprehensive plan amendment and that, accordingly, the process should be viewed as quasi-judicial (and subject to strict scrutiny), rather than as legislative (and subject to the fairly debatable standard). The court rejected that argument, concluding that, like comprehensive plan amendment requests generally, small-scale development amendment requests necessarily involve considerations legislative in nature; and that to treat small-scale development amendment requests differently from other comprehensive plan amendment requests "would invite more uncertainty in this still unsettled area of law." Id. at D58, at 1178 . We agree.
It seems to us that all comprehensive plan amendment requests necessarily involve the formulation of policy, rather than its mere application. Regardless of the scale of the proposed development, a comprehensive plan amendment request will require that the governmental entity determine whether it is socially desirable to reformulate the policies previously formulated for the orderly future growth of the community. This will, in turn, require that it consider the likely impact that the proposed amendment would have on traffic, utilities, other services, and future capital expenditures, among other things. That is, in fact, precisely what occurred here. Such considerations are different in kind from those which come into play in considering a rezoning request.
In addition, we discern from the language used by the court in the body of the Yusem opinion a clear intent to bring predictability to an area of the law in which confusion had been prevalent, by mandating a uniform approach to all comprehensive plan amendment requests. The result we reach here is consistent with that goal; whereas, that urged by the developers would only add to the confusion.
We hold that decisions regarding small-scale development amendment requests pursuant *795 to section 163.3187(1)(c), Florida Statutes, like decisions regarding comprehensive plan amendment requests generally, are legislative in nature; and that, as a result, judicial review of such decisions is by a de novo hearing in an action seeking either declaratory or injunctive relief, subject to the highly deferential fairly debatable standard of review. We certify the following question to the supreme court, as one of great public importance:
ARE DECISIONS REGARDING SMALL-SCALE DEVELOPMENT AMENDMENTS PURSUANT TO SECTION 163.3187(1)(c), FLORIDA STATUTES, LEGISLATIVE IN NATURE AND, THEREFORE, SUBJECT TO THE FAIRLY DEBATABLE STANDARD OF REVIEW; OR QUASI-JUDICIAL, AND SUBJECT TO STRICT SCRUTINY?
We grant the petition for a writ of certiorari; reverse the decision of the trial court; and remand the case for a de novo hearing on the developers' alternative action for either declaratory or injunctive relief. Any review of a final order following remand shall be by appeal.
CERTIORARI GRANTED; REVERSED and REMANDED, with directions.
ALLEN and VAN NORTWICK, JJ., CONCUR.