728 So.2d 1178 (1998)
David FLEEMAN, Petitioner,
v.
CITY OF ST. AUGUSTINE BEACH, Florida, Respondent.
No. 98-2135.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
Order Granting Certification April 19, 1999.
*1179 C. David Coffey, Gainesville, for Petitioner.
Geoffrey B. Dobson, of Dobson and Brown, P.A., St. Augustine, for Respondent.
W. SHARP, Judge.
Fleeman petitions this court for certiorari review of the circuit court's dismissal of his petition for certiorari, which sought review of a zoning decision involving a small parcel comprehensive plan amendment, pursuant to section 163.3187(1)(c).[1] The issue in this case is whether the trial court departed from the essential requirement of law in ruling that the zoning decision was "legislative" and thus not subject to certiorari review by the circuit court. "Legislative" zoning decisions are reviewable by seeking a declaratory judgment, and not by certiorari review. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 526 (Fla.1995). Based on our reading of Martin County v. Yusem, 690 So.2d 1288 (Fla.1997), we deny the writ.
In this case, Fleeman owns property east of CR A1A in St. Augustine Beach. In 1995, the Florida Department of Transportation condemned .2568 acres of his property for road improvements, leaving him with only.3863 acres of land designated as commercial. He sought an amendment to the comprehensive plan to expand the depth of the commercial designation, in order to allow him to build a small commercial development fronting on A1A. Because the change involved less than ten acres, the application was filed pursuant to section 163.3187(1)(c), Florida Statutes. That section allows small parcel amendments to the city's comprehensive plan to be accomplished with only one public hearing and no mandatory state level reviews.
Section 163.3187(1)(c) provides in part:
Any local government comprehensive plan amendments directly related to proposed small scale development activities may be approved without regard to statutory limits on the frequency of consideration of amendments to the local comprehensive plan....
* * * * * *
2. a. A local government that proposes to consider a plan amendment pursuant to this paragraph is not required to comply with the procedures and public notice requirements of s. 163.3184(15)(c) for such plan amendments if the local government complies with the provisions in s. 125.66(4)(a) for a county or in s. 166.041(3)(c) for a municipality. If a request for a plan amendment under this *1180 paragraph is initiated by other than the local government, public notice is required.
* * * * * *
3. Small scale development amendments adopted pursuant to this paragraph require only one public hearing before the governing board, which shall be an adoption hearing as described in s. 163.3184(7), and are not subject to the requirements of s. 163.3184(3)-(6) unless the local government elects to have them subject to those requirements.
In Martin County, the supreme court held that amendments to a comprehensive land use plan, adopted pursuant to chapter 163, are legislative decisions subject to the fairly debatable standard of review, even when the requested amendment being sought deals with only one piece of property. The court expressly noted, however, that the legislature had amended section 163.3187(1)(c) in 1995 to provide special treatment for comprehensive plan amendments directly related to proposed small-scale development activities. It expressly stated: "We do not make any findings concerning the appropriate standard of review for these small-scale development activities." 690 So.2d at 1293, n. 6.
Fleeman argues that small parcel comprehensive plan amendments are "more akin to small-parcel rezoning than to most comprehensive plan amendments." Under the plan amendment process, the proposed changes must be evaluated at several levels of government to ensure consistency and ordered development, but small-parcel amendments are exempt from such an extensive multi-level review, pursuant to the statute. Since the small-scale amendment proposed in this case affects a limited number of persons or property owners, Fleeman argues that functionally it should be viewed as a policy application process (or quasi-judicial), rather than a policy setting one (or legislative). See Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993). Thus, the strict scrutiny standard of review, and the certiorari review process should be available in this case.
Although the procedures for small-parcel amendments to a comprehensive plan are more streamlined that those required for larger ones, actual notice and notice by publication of a public hearing are required to all affected property owners under section 125.66(4)(a), Florida Statutes, and more than one public hearing may be held. Further, a small-parcel amendment is designated as an adoption hearing held pursuant to section 163.3184(7), and is subject to the limitations, restrictions and review processes applicable to all comprehensive plans.
We cannot discern any good reason for the courts to treat small-parcel amendments differently than any other amendments or adoption of comprehensive land use plans. To do so would invite more uncertainty in this still unsettled area of law. How small must the parcel be? How many other people must be affected?
In all cases, the denial or granting of a small-parcel amendment to a comprehensive plan is a legislative function. The question being asked is whether to change the plana matter of policy consigned to the discretion of the governing body. It must consider whether the small-scale development amendment being proposed meets the future land use and needs of the community. In contrast, an application to rezone property from one class to another, both of which are consistent with the comprehensive plan, entails a different set of considerations. See Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993).
In fact, this case presents a prime example of why even a small-scale development amendment requires a legislative, policy decision. Although it is true that the amount of land involved in the proposed amendment in this case is small, it is also true that the location of the land, on a major thoroughfare, close to the ocean, and perhaps near environmentally sensitive land, surely implicates important policy concerns which are better left to the legislative body, with limited judicial review. Accordingly, we deny the petition.
PETITION DENIED.
PETERSON and ANTOON, JJ., concur.

*1181 ON MOTION FOR CERTIFICATION

W. SHARP, J.
We grant petitioner's motion for certification pursuant to Florida Rule of Appellate Procedure 9.330(a). We agree the decision of this court is one that passes on a question of great public importance, and that it is in conflict with the decision of another district court of appeal concerning the proper method of review by the circuit courtcertiorari or by the filing of a declaratory judgment action. See Debes v. City of Key West, 690 So.2d 700 (Fla. 3d DCA 1997).
Motion for Certification GRANTED.
PETERSON and ANTOON, JJ., concur.
NOTES
[1] The trial court dismissed the petition without prejudice to file a declaratory judgment action.