740 So.2d 596 (1999)
PALM SPRINGS GENERAL HOSPITAL, INC., Petitioner,
v.
CITY OF HIALEAH GARDENS, Florida, Respondent.
No. 99-945.
District Court of Appeal of Florida, Third District.
September 1, 1999.
Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague and Santiago D. Echemendia, and Bob de la Fuente, Miami, for petitioner.
Bilzin Sumberg Dunn Price & Alexrod and Stanley B. Price and Michael W. Larkin, Miami, for respondent.
Before JORGENSON, LEVY, and FLETCHER, JJ.

ON REHEARING OF MOTION FOR CERTIFICATION
PER CURIAM.
The effect of our denial of petition for writ of certiorari is to leave standing the determination of the circuit court, appellate division, that the denial or granting of a "small-scale development amendment" to a comprehensive land use plan, pursuant to section 163.3187(1)(c), Florida Statutes (Supp.1996), is a legislative function not subject to certiorari review, but is subject to a de novo action in the circuit court. As the same issue has been certified to the Florida Supreme Court, see City of Jacksonville Beach v. Coastal Development of North Florida, Inc., 730 So.2d 792 (Fla. 1st DCA 1999), and Fleeman v. City of St. Augustine Beach, 728 So.2d 1178 (Fla. 5th DCA 1998), rehearing is granted to the extent that we certify the following question to the Florida Supreme Court as one of great public importance:
ARE DECISIONS REGARDING SMALL-SCALE DEVELOPMENT AMENDMENTS PURSUANT TO SECTION 163.3187(1)(c), FLORIDA STATUTES, LEGISLATIVE IN NATURE AND, THEREFORE, SUBJECT TO THE FAIRLY DEBATABLE STANDARD OF REVIEW; OR QUASI-JUDICIAL, AND SUBJECT TO STRICT SCRUTINY?
Question certified.