752 So.2d 1263 (2000)
Vicki MINNAUGH and Robert Minnaugh, Petitioners,
v.
COUNTY COMMISSION OF BROWARD COUNTY, Florida, a political subdivision of the State of Florida, Respondent.
No. 4D99-0751.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
William S. Spencer and Robert Paul Keeley of Ellis, Spencer and Butler, Hollywood, for petitioners.
Edward A. Dion, County Attorney, Sharon L. Cruz, Deputy County Attorney, Andrew J. Meyers, Chief Appellate Counsel, Tamara M. Scrudders and Pamela M. Kane, Assistant County Attorneys, Fort Lauderdale, for respondent.
*1264 TAYLOR, J.
Vicki Minnaugh and Robert Minnaugh (petitioners) filed this petition for certiorari review of the circuit court's order dismissing counts of their complaint for a writ of mandamus and writ of certiorari challenging the county commission's denial of their application for a small-scale amendment to the land use plan of Broward County, pursuant to section 163.3187(1)(c), Florida Statutes.
Petitioners own a 4.3 acre parcel in the city of Pembroke Pines on Pines Boulevard between S.W. 184th and S.W. 196th Avenue. They applied to the Broward County Commission (commission) for a small-scale amendment to the Broward County land use plan (BCLUP) to change the use of their property from "agricultural" to "employment center." At a hearing held on December 22, 1998, the commission denied petitioners' application for the small-scale amendment. Thereafter, petitioners filed a complaint in the Broward County circuit court for a writ of common law certiorari (count I), a writ of mandamus (count II), and, in the alternative, declaratory and injunctive relief (count III). Determining that the commission's decision was not subject to certiorari review, the trial court dismissed counts I and II and allowed petitioners to proceed under count III, using the fairly debatable standard of review for comprehensive land use plan amendments enunciated in Martin County v. Yusem, 690 So.2d 1288 (Fla. 1997). We find that the trial court applied the correct law in concluding that the proper method of review of the commission's decision was by an action seeking declaratory or injunctive relief, rather than by certiorari. Accordingly, we deny the petition.
In Martin County v. Yusem, the Florida Supreme Court clarified the appropriate standard of review for courts to apply when reviewing local government action on comprehensive plan amendments. The court held that a local government's decision on a plan amendment is legislative rather than quasi-judicial and, therefore, the deferential "fairly debatable" standard of review applies. The supreme court, however, did not decide whether its holding applied to small scale plan amendments under section 163.3187(1)(c), Florida Statutes.[1] Since Yusem, three district courts of appeal have decided the issue and determined that action on a smallscale development amendment is a legislative, policy setting function, and is, thus, subject to the same limited judicial review applicable to all comprehensive plans. See Palm Springs Gen. Hosp., Inc. v. City of Hialeah Gardens, 740 So.2d 596 (Fla. 3d DCA 1999); City of Jacksonville Beach v. Coastal Dev. of N. Florida, Inc., 730 So.2d 792 (Fla. 1st DCA 1999), rev. granted, 744 So.2d 453 (Fla.1999); Fleeman v. City of St. Augustine Beach, 728 So.2d 1178 (Fla. 5th DCA 1998).
Petitioners contend that a request for a small scale amendment to a comprehensive plan, which has a limited impact on the public, is more like a small parcel rezoning application, and, therefore, should be treated differently. Petitioners argue that three characteristics of the small-scale development amendment make it quasi-judicial rather than legislative like other comprehensive plan amendments: (1) the proposed amendment does not include a text change to any goals, policies, or objectives of the comprehensive plan, only a site-specific change to the future land use map, see § 163.3187(1)(c)1.d, Fla. Stat. (Supp.1998); (2) the parcel involved is no more than ten acres, see § 163.3187(1)(c)1; and (3) review and approval by the Department of Community Affairs is not mandatory, see § 163.3187(1)(c)3. For these reasons, petitioners urge us to view *1265 the process as a quasi-judicial proceeding, reviewable by the strict scrutiny standard of certiorari, as provided for small-scale, site-specific development actions in Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993).
The fifth district rejected similar arguments made by the developer in Fleeman. In that case, Fleeman planned to build a small commercial development fronting A1A. He filed an application under section 163.3187(1)(c) to amend the city's comprehensive plan to expand the depth of the commercial designation applicable to the.3863 acres of land, which remained after condemnation of part of his property. His petition for certiorari review was dismissed by the circuit court, without prejudice to filing a declaratory action. While noting that the Yusem court did not decide the appropriate standard of review for small-scale development activities, the fifth district concluded that "even a small-scale development amendment requires a legislative, policy decision." Id. at 1180. The court acknowledged that the procedures for small-parcel amendments to a comprehensive plan are more streamlined than those for larger scale amendments, but pointed out that public hearing notices were required to be given to all affected property owners and that a small-parcel hearing is "subject to the limitations, restrictions and review processes applicable to all comprehensive plans." 728 So.2d at 1179. It further reasoned that treating small-scale amendments differently from other amendments would invite uncertainty because of questions that would arise concerning the size of the parcel and number of people affected by the proposed amendment. The court concluded that the bottom-line issue is still whether the proposal "meets the future land use and needs of the community," and that such considerations are policy matters left to the discretion of the legislative body. Id. at 1180.
The first district followed Fleeman in City of Jacksonville Beach. In that case, developers applied to the city for a small scale development amendment to the city's comprehensive plan. The city's staff recommended denial and the planning commission and city council denied the request. The developers sought review in the circuit court. The circuit court concluded that the city had acted in a quasi-judicial capacity and determined that certiorari was the appropriate method of review. Applying a strict scrutiny standard, the court granted the petition, quashed the city's decision, and ordered the city to grant the application. The district court granted the city's petition for certiorari relief, concluding that "all comprehensive plan amendment requests necessarily involve the formulation of policy, rather than its mere application," 730 So.2d at 794. It held that decisions regarding small scale development amendment requests are legislative in nature, and that judicial review is by a de novo hearing subject to the highly deferential fairly debatable standard of review.
More recently, in Palm Springs General Hosp., Inc. 740 So.2d 596, the third district denied a petition for writ of certiorari and left intact the circuit court's determination that a decision of a small-scale development amendment is a legislative function not subject to certiorari review in circuit court.
We adopt the holdings of our sister courts and apply the Yusem rationale for predictability in this area of the law to the review of decisions regarding small-scale development amendments. We hold that decisions on requests for a small scale development amendment to a local comprehensive land use plan, pursuant to section 163.3187(1)(c), Florida Statutes, are legislative and, therefore, not subject to the certiorari review process but reviewable by a de novo action seeking declaratory or injunctive relief in circuit court, under the fairly debatable standard of review. As the same issue has been certified to the Florida Supreme court by the first, third and fifth districts, we also certify the following question to the supreme court, as one of great public importance.

*1266 ARE DECISIONS REGARDING SMALL-SCALE DEVELOPMENT AMENDMENTS PURSUANT TO SECTION 163.3187(1)(c), FLORIDA STATUTES, LEGISLATIVE IN NATURE AND, THEREFORE, SUBJECT TO THE FAIRLY DEBATABLE STANDARD OF REVIEW; OR QUASI-JUDICIAL, AND SUBJECT TO STRICT SCRUTINY?
Based on the foregoing, we deny the petition.[2]
PETITION DENIED.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The court stated, "[w]e do note that in 1995, the legislature amended section 163.3187(1)(c), Florida Statutes, which provides special treatment for comprehensive plan amendments directly related to proposed small-scale development activities. Ch. 95-396, § 5, Laws of Fla. We do not make any findings concerning the appropriate standard of review for these small-scale development activities." Id. at 1293 n. 6.
[2] We do not address a separate procedural due process issue raised by petitioners, because it was not properly preserved and presented for our review. This issue concerns the propriety of a single circuit court judge, instead of a panel of judges, handling appeals and petitions for certiorari in zoning and administrative cases in the Seventeenth Judicial Circuit.