BROWNING, J.
Petitioners seek a writ of certiorari, arguing the trial court misapplied the law when it reviewed by certiorari and quashed Petitioners’ decision not to approve (1) Respondent’s Small Scale Comprehensive Plan Amendment (SSCPA), in toto, and (2) Respondent’s rezoning application, which would have required an amendment to the Comprehensive Plan. We agree that the trial court misapplied the law and, accordingly, grant certiorari.
In City of Jacksonville Beach v. Coastal Development of North Florida, Inc., this court held that decisions regarding SSCPA requests pursuant to section 163.3187(l)(e), Florida Statutes (Supp. 1996) are legislative in nature, and that judicial review of such decisions is not by certiorari, but rather by a de novo hearing in an action seeking either declaratory or injunctive relief, subject to the “fairly debatable” standard of review. See 730 So.2d 792, 794-795 (Fla. 1st DCA) rev. granted, 744 So.2d 453 (Fla.1999). The “fairly debatable” standard of review is highly deferential, requiring approval of a land use planning action if reasonable persons could differ as to its propriety. See Martin County v. Yusem, 690 So.2d 1288 (Fla.1997). Thus, the trial court applied the incorrect law when it reviewed by cer-tiorari, and quashed, Petitioners’ decision regarding the proposed SSCPA.
As for Respondent’s rezoning argument, it is well-established that rezoning's that impact a limited number of persons, and in which the decision is contingent upon evidence presented at a hearing, are quasi-judicial proceedings reviewable by petition for writ of certiorari. See Board of County Commissioners of *546 Brevard County v. Snyder, 627 So.2d 469, 474-475 (Fla.1993); Yusem, 690 So.2d at 1292. However, amendments to Comprehensive Plans are legislative decisions, and this conclusion is not affected by the fact that the amendment is being sought as part of a rezoning application with respect to only one piece of property. See Yusem, 690 So.2d at 1293. Rezoning decisions that have a limited impact, as discussed under Snyder, but require an amendment to the Comprehensive Plan, are not quasi-judicial decisions subject to strict scrutiny, but rather legislative decisions, subject to the “fairly debatable” standard of review. See Yusem, 690 So.2d at 1289.
It is undisputed that Respondent’s rezoning application, if approved, would require an amendment to the Comprehensive Plan. Under Yusem, Petitioners’ decision regarding Respondent’s rezoning application was legislative, subject to the “fairly debatable” standard of review, requiring approval if reasonable persons could differ as to its propriety. See id. Thus, the trial court applied the incorrect law when it found Petitioners’ decision regarding Respondent’s rezoning application was quasi-judicial, subject to strict scrutiny and reviewable by certiorari.
For the foregoing reasons, the Petition for Writ of Certiorari is GRANTED and the order of the trial court is QUASHED.
JOANOS and PADOVANO, JJ, CONCUR.
OPINION ON MOTION FOR CERTIFICATION OF AN ISSUE OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.330(a), we grant Respondent’s motion for certification and, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), amend our previous opinion to include certification of the following question to the Florida Supreme Court as one of great public importance:
ARE DECISIONS REGARDING SMALL SCALE DEVELOPMENT AMENDMENTS PURSUANT TO SECTION 163.3187(l)(c), FLORIDA STATUTES, LEGISLATIVE IN NATURE AND, THEREFORE, SUBJECT TO THE FAIRLY DEBATABLE STANDARD OF REVIEW; OR QUASI-JUDICIAL, AND SUBJECT TO STRICT SCRUTINY?
JOANOS, PADOVANO and BROWNING, JJ, concur.