783 So.2d 1054 (2001)
Vicki MINNAUGH, et al., Petitioners,
v.
COUNTY COMMISSION OF BROWARD COUNTY, etc., Respondent.
No. SC00-875.
Supreme Court of Florida.
April 12, 2001.
*1055 William S. Spencer of Ellis, Spencer and Butler, Hollywood, FL; and Nancy Little Hoffmann, Pompano Beach, FL, for Petitioners.
Edward A. Dion, County Attorney, Andrew J. Meyers, Chief Appellate Counsel, and Tamara M. Scrudders, Assistant County Attorney, Fort Lauderdale, FL, for Respondent.
Cari L. Roth, General Counsel, and Karen Brodeen, Assistant General Counsel, Tallahassee, FL, for Department of Community Affairs, Amicus Curiae.
Terrell K. Arline, Legal Director, and Thomas G. Pelham, Tallahassee, FL, for 1000 Friends of Florida, Inc. and The Florida Chapter of the American Planning Association, Amicus Curiae.
WELLS, C.J.
We have for review a decision on the following question certified to be of great public importance:
ARE DECISIONS REGARDING SMALL SCALE DEVELOPMENT AMENDMENTS PURSUANT TO SECTION 163.3187(1)(c), FLORIDA STATUTES, LEGISLATIVE IN NATURE AND, THEREFORE, SUBJECT TO THE FAIRLY DEBATABLE STANDARD OF REVIEW; OR QUASI JUDICIAL, AND SUBJECT TO STRICT SCRUTINY?
Minnaugh v. County Commission of Broward County, 752 So.2d 1263 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The Minnaughs applied to the Broward County Commission (Commission) for a small-scale development amendment to Broward County's comprehensive plan in an attempt to change the designation of their property from "agricultural" to "employment center." The Commission denied the Minnaughs' application. Thereafter, the Minnaughs filed suit against the Commission in the circuit court in Broward County seeking to reverse the Commission's decision. The Minnaughs requested a writ of certiorari (count I), a writ of mandamus (count II), and alternatively requested declaratory and injunctive relief (count III). The circuit court dismissed counts I and II based upon the circuit court's conclusion that the Commission's decision was not subject to certiorari review. The circuit court ruled that it would apply the fairly-debatable standard of review to the declaratory and injunctive relief proceedings.
The Minnaughs petitioned the Fourth District for certiorari to review the circuit court's decision. The Fourth District denied the petition, holding that the circuit court was correct in concluding that the proper method of challenging the Commission's decision was by an action seeking declaratory or injunctive relief rather than by certiorari. See Minnaugh, 752 So.2d at 1264. The Fourth District also concluded that small-scale development decisions are legislative in nature and that the fairly-debatable standard of review applied. See id. at 1265. The Fourth District then certified the question. See id. at 1266.
We have answered this exact question in Coastal Development of North Florida, Inc. v. City of Jacksonville Beach, No. SC95686, ___ So.2d ___, 2001 WL 360443 (Fla. April 12, 2001), by holding that small-scale development amendment decisions made pursuant to section 163.3187(1)(c), Florida Statutes (Supp.1996), are decisions *1056 which are legislative in nature and subject to the fairly-debatable standard of review. We adhere to the answer we gave in Coastal Development. Accordingly, we approve the decision below.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.