PER CURIAM.
Petitioner Betty Jean Mann seeks certiorari review of the order from a three-judge panel of the circuit court in its appellate capacity which denied her petition for writ of certiorari. The dispositive issue is whether the circuit court departed from the essential requirements of law in ruling that respondent, Board of County Commissioners of Orange County, was entitled to deny her rezoning request on the basis that the rezoning would be inconsistent with the Orange County Comprehensive Policy Plan. In an order dated June 3, 2002, we granted her motion for rehearing and vacated this court’s earlier order of February 11, 2002, denying certiorari. Upon further consideration, we agree with the following well-reasoned order of Judge Richard Conrad, Judge Lawrence Kirk-wood, and Judge Donald Grincewicz and elect to adopt it as the opinion of this court:
Petitioner, Betty Jean Mann (“Mann”), seeks certiorari review of the Decision on Appeal Before the Board of County Commissioners Orange County, Florida (the “Board”), entered August 15, 2000. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(c).
On April 5, 2000, Mann filed an application to the Planning and Zoning Commission of Orange County for a change' *146 in zoning classification from A-2 to R-l, agricultural to single family residential. Prior to the scheduled public hearing before the Planning and Zoning Commission, the planning division rezoning staff prepared a report concluding that the proposed R-l zoning was “compatible with the existing development in the area.” Nonetheless, the staff found the request to be inconsistent with the Comprehensive Policy Plan (“CPP”), and recommended denying the requested rezoning at that time “due to the lack of adequate school capacity.” On June 15, 2000, a public hearing was held before the Planning and Zoning Commission. At the conclusion of the hearing, the Commission denied the application.
Petitioner timely requested an appeal of the decision of the Planning and Zoning Commission to the Board of County Commissioners for Orange County. At the hearing, the County Planner represented to the Board that the staff recommended denial of the rezoning request, finding that the lack of adequate school capacity rendered the development plan inconsistent with two elements of the CPP, the Future Land Use Element and an objective of the Public Schools Facilities Element. He also stated that based on the tracts surrounding the subject property, allowing this rezoning would establish a precedent for all the other tracts to rezone to begin residential development.
Then, a member of the Orange County School Board (the “School”) addressed the Board. He explained the enrollment growth problem in Orange County. He also illustrated the aggressive school construction program which has attempted to accommodate the growth in enrollment, but which has had to work with a decrease in funding. In addition, he gave a very comprehensive explanation of how school capacity figures are determined. Then, he explained that the attendant elementary school for the proposed development project was over capacity, and had no funds available to improve its facility or construct a new facility. He also represented that the surrounding schools were also overcrowded, and therefore, rezoning the school districts was not a viable alternative.
Subsequent to these presentations, the hearing was opened to the public, including a presentation from the property owner’s representative. After several statements by the public and Board members, a motion was made to uphold the recommendation of the Commission. Further discussion and debate was held between the Board members; after which, the Board voted to uphold the decision of the Commission. This Petition for Writ of Certiorari follows.
Petitioner argues that the sole reason for denying the zoning request was the “Chairman’s Initiative,” and that Initiative put in place a “de facto moratorium.” This “Initiative” was an interoffice memorandum sent on March 29, 2000, from Orange County Chairman, Mel Martinez to the Board of the County Commissioners. In this memorandum, the Chairman informed the board members that if a requested map amendment or re-zoning will substantially aggravate the overcrowded conditions of local schools, then the staff will recommend a denial of the request. The memorandum also explained in detail the process which would be followed for the staff to reach its conclusion. The Chairman concluded the memorandum invit[ed] the Board to “support this new approach.”
Petitioner also argues that the implementation of the Initiative is arbitrary, discriminatory, and unreasonable, and that it attempts to circumvent the statu *147 tory implementation of a school concurrency requirement. Petitioner contends that the legislature’s enactment of a statutory school concurrency implementation process preempts any other power the Board possesses to deny a request based on school overcrowding. Thus, Petitioner argues that when the Board denied her zoning request due to lack of school concurrency, it failed to follow the essential requirements of law.
The Board points out that the Chairman’s memorandum did not create any type of moratorium on rezonings or other types of land-use approvals. The Board argues that it did not deny Petitioner’s zoning request based on lack of school concurrency, but rather based on the County’s constitutional and statutory “home-rule” powers.[1]
On certiorari review, the circuit court must determine whether procedural due process was afforded, whether the essential requirements of law have been observed, and whether the Board’s decision is supported by competent, substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). Petitioner challenges that the Board did not follow the essential requirements of law when affirming the Commission’s denial of her zoning request.
Petitioner is correct that Orange County’s CPP does not include a school concurrency requirement. However, as Petitioner acknowledges, in 1997, Orange County amended its CPP to include a Public Schools Facilities Element pursuant to § 163.177(7)(e), Florida Statutes. Petitioner does not challenge the propriety of the adoption of the Public School Facilities Element. The CPP also includes a Future Land Use Element. Petitioner does not challenge the propriety of the adoption of this element.
Section 163.3194(l)(a), Florida Statutes, part of the Local Government Comprehensive Planning and Land Development Regulation Act, requires that
After a comprehensive plan, or element or portion thereof, has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted.
Subsection (3)(a) of this section provides that
A development order ... shall be consistent with the comprehensive plan if the land uses, densities or intensities, and other aspects of development permitted by such order ... are compatible with and further the objectives, policies, land uses, and densities or intensities in the comprehensive plan.
Orange County’s CPP is a lawfully adopted ordinance. “As such, the county is empowered by statute to disapprove an application for site approval if it finds that a proposed development is inconsistent with any of the objectives in the comprehensive plan.” Franklin County v. S.G.I. Limited, 728 So.2d 1210,1211 (Fla. 1st DCA1999).
One of the findings of fact made by the Board was that the zoning request was inconsistent with Future Land Use Policy 1.1.14, regarding timing of zoning and adequate facilities. Pertinent parts of this policy provide that *148 The Zoning Map is subject to continuous amendments so that land, over time, will gradually and systematically be rezoned to be consistent with the planning policies and long-range objectives of the Comprehensive Policy Plan.... Land use compatibility, the location, availability and capacity of services and facilities, market demand, and environmental features shall also be used in determining which specific zoning district is most appropriate.
This policy further provides that
[I]n making the transition for residential development, the Future Land Use Map shall only establish the maximum permitted density and intensity of development. It is permissible to impose a more restrictive zoning district classification as an interim use until such time as the property is found ... to be suitable and ready for ultimate development. (Emphasis added).
The Board also found that the zoning request was inconsistent with Objective 4.3 of the Public Schools Facilities Element, which provides that the Board may
Manage the timing of new development to coordinate with adequate school capacity.
Contrary to Petitioner’s allegations, the Board’s denial of her zoning request was not based on the Chairman’s Initiative, but rather on its own findings that the rezoning was inconsistent with specific policies and objectives of the CPP. This Court concludes that these policies and objectives are specific enough to be taken into consideration and used as a basis for the Board’s denial of the zoning request. See Franklin v. S.G.I. Limited, 728 So.2d 1210 (Fla. 1st DCA 1999). Thus, this Court finds that the Board observed the essential requirements of law because it had statutory authority to deny the zoning request based on the rezoning’s inconsistencies with the elements of the CPP.
Based on the foregoing, it is hereby ORDERED AND ADJUDGED that the Petition for Writ of Certiorari is DENIED.
We conclude that the circuit court did not depart from the essential requirements of law and deny the Petition for Writ of Certiorari.
CERTIORARI DENIED.
SHARP, W., PETERSON and SAWAYA, JJ., concur.

. The Court finds it unnecessary to discuss the County's “home-rule” powers because as discussed below, the Board had statutory authority to deny the zoning request. Also omitted is an extensive discussion of the propriety of the Initiative because again, the Board’s decision was not based on the Initiative.